B. A. SHEPHARD v. J. W. BARNETT ET AL.

1. DAMAGES—NUISANCE.—Damages may be recovered by an individual for an act which, though constituting a public nuisance, results in particular injury to him other and greater than that suffered by the public.
2. PLEADING.—See statement and opinion for petition held good on general demurrer.

APPEAL from Harris. Tried below before the Hon. James Masterson.

Suit for damages, brought by B. A. Shephard against the appellees, for the recovery of $1,000, because of injury alleged to have been sustained by him in the depreciation in value of a tract of land owned by him in the city of Houston, caused by the defendants fencing and closing up a street lying in front of and adjacent to his land.

The petition, after giving the names and residence of parties, avers that the plaintiff owned, by a good, valid, and sufficient title in fee-simple, a tract of land containing ten acres, a part of the S. H. Williams survey, situate in the city of Houston, Harris county, Texas; that there was a map of the S. H. Williams survey, showing its subdivisions, recorded in Harris county, and on that map plaintiff's tract was designated as lot 51, and was bounded on said map on the north

by Wilson street, on the east by lot 52, on the south by Williams street, and on the west by lot 50; that Williams street was a street or highway belonging to the public, and by the record of the map was dedicated to the public use; that petitioner purchased his land in 1861, and that he and those from whom he deraigned title did so with reference to the bounds of the land as set forth in the map, and with the view of having an outlet from his land by way of Williams street; that he was entitled to the use and enjoyment of that street, and that the street was an easement belonging to his land. The plaintiff charged that defendants had erected fences across Williams street, and had thereby prevented the free passage and use of the street, to the damage of petitioner in the sum of $1,000.

The trial amendment of plaintiff made the further allegation, that by the obstruction of Williams street, as charged in the original petition, the defendants had depreciated the value of lot 51, previously alleged to be the property of appellant, in the sum of $1,000, for which amount he prayed judgment.

The defendants, after general denial, excepted specially to the petition, but did not except for the want of certainty in the averments of injury.

*Charles Stewart*, for appellant.

I. The original petition states a good cause of action. (Oswald v. Grenet, 22 Tex., 94; Dovaston v. Payne, 2 Smith's Lead. Cas., 213, and American notes thereto and cases cited.)

II. The original petition and trial amendment show a special and particular damage, and state a good cause of action therefor. (Wood's Law of Nuisances, sec. 653, p. 679.)

*W. P. Hamblen*, for appellee.

I. Appellant's petition does not show a good cause of action—

1. Because it does not show that character of damage which is special to himself.

2. Because he calls upon the court to render judgment,

which it will only render at the suit of the public. ( 3 Black. Comm., sec. 220; 2 Id., pp. 173, 174.)

II. Acts complained of are not actionable by an individual, but are public nuisances, if anything, and must be prosecuted by the public. ( 3 Black. Comm., sec. 3, p. 4, and note; sec. 220, and note.)

III. The damages are not sufficiently set out in the petition to be good on special demurrer. (Sparhawk v. Union Pass. R. Co., 54 Penn., 401; Spooner v. McConnell, 1 McL., 337; Vason v. Augusta, 38 Ga., 542.)

IV. The petition did not show that the acts complained of were only damaging to plaintiff, nor wherein plaintiff is damaged different from the public generally. (Blanc v. Klumpke, 29 Cal., 156.)

GOULD, ASSOCIATE JUSTICE.—The petition alleges plaintiff's ownership of a certain ten-acre lot in the city of Houston, bounded on the south by a public street known as Williams street, constituting an easement to his lot, and with a view to which, as an outlet therefrom, he had purchased said lot; that defendants, by erecting fences across the street, had obstructed it and prevented its free passage, and had thereby depreciated the value of plaintiff's lot in the sum of $1,000. Plaintiff prays for judgment that the obstructions to the street be removed, and for $1,000 damages, and costs.

The petition was excepted to generally, and there was also a special exception, to the effect that the petition showed a cause of action in the public, if in any person, and showed no cause of action in plaintiff; which exception was sustained and the cause dismissed.

The petition is certainly quite meagre; but whilst it shows a public nuisance, it shows also that plaintiff has suffered special damages therefrom different from that which is common to the public. The depreciation in value of his lot consequent on the obstruction of the street bounding the lot and leading thereto, constitutes such a particular injury to plaintiff as enti-

tles him to redress; and this injury was sufficientiy alleged, at least unless special exception was made for want of greater certainty in the averment. (Frink v. Lawrence, 20 Conn., 118; Francis v. Schoellkopf, 53 N. Y., 152; Stetson v. Faxon, 19 Pick., 147; Blanc v. Klumpke, 2 Cal., 156; Oswald v. Grenet, 22 Tex., 94; Wood on Nuisances, ch. 18.)

Because the court erred in sustaining exceptions to the petition, the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered February 27, 1880.]

