ST. LOUIS, SAN FRANCISCO & TEXAS RAILWAY COMPANY v. LIBBIE SHAW.

No. 1522.   Decided March 15, 1906.

**1.—Railway—Depot and Yards—Discomfort to Adjoining Proprietor.**

Where there was no depreciation in the value of plaintiff's residence property by the location and operation of a railway depot and tracks for switching near thereto, and nothing improper or negligent in the selection of the locality or in the manner of conducting the business thereon, there could be no recovery for the personal discomfort caused plaintiff thereby.   (Pp. 561, 562.)

**2.—Same—Cases Distinguished.**

The discomfort caused to owners of property, as distinguished from depreciation in property value protected by the constitution, is only recoverable when resulting from improper location or operation of railway structures, constituting nuisance; otherwise it is damnum absque injuria. Daniel v. Fort Worth & R. G. Ry. Co., 96 Texas, 327; Missouri K. & T. Ry. Co. v. Anderson, 81 S. W. Rep., 782; Missouri K. & T. Ry. Co. v. Mott, 98 Texas, 91; Rainey v. Red River T. & S. Ry. Co., 99 Texas, distinguished from the present case.   (P. 561.)

Error to the Court of Civil Appeals for the Third District, in an appeal from Grayson County.

Libbie Shaw sued the railway company and recovered judgment. Defendant appealed, and on affirmance obtained writ of error.

*C. H. Yoakum* and *Head, Dillard & Muse,* for plaintiff in error.— The verdict definitely and with certainty marking out and finding upon

the only proper item and elements of damage, and also finding other matters of damage which were not proper elements of damage in the case, but only, at most, damnum absque injuria, the latter should have been rejected as surplusage and judgment rendered on the other part of the verdict. San Jose, etc., Ry. v. Mayne, 83 Cal., 566, s. c. 44 A. & E. R. R. Cas., 158, 23 Pac. Rep., 522; Anderson v. McPike, 41 Mo. App., 328; Caldwell v. Brown, 43 Texas, 216; Shifflet v. Morelle, 68 Texas, 386.

Where a depot and tracks connected therewith are established near a parcel of land and are properly built and maintained and the railway is properly conducted—operated without negligence—the measure of damages to the owner is the difference before and immediately after the building of the railway. He can not, although occupying the land, recover for personal annoyance and inconvenience arising from the operation of the road, independent of any damage done to his property. Daniel v. Fort Worth & R. G. Ry., 96 Texas, 327; Baltimore & P. Ry. v. Fifth Baptist Church, 108 U. S., 317; Baugh v. Texas & N. O. Ry., 80 Texas, 57; Rosenthal v. Taylor B. & H. Ry., 79 Texas, 325; Gainesville, H. & W. Ry. v. Hall, 78 Texas, 169; Gulf, C. & S. F. Ry. v. Fuller, 63 Texas, 467; Boyer & Lucas v. St. Louis, S. F. & T. Ry., 76 S. W. Rep., 441; Cogswell v. New York, N. H. & H. Ry., 103 N. Y., 10; Cleveland & P. Ry. v. Spear, 56 Pa. St., 325, s. c. 94 Am. Dec., 84; Booth v. Rome, W. & O. T. Ry., 140 N. Y., 267, s. c. 37 Am. St. Rep., 552; 3 Elliott on Railroads, sec. 1057; 1 Lewis on Eminent Domain (2d ed.), sec. 151a; 3 Sutherland on Damages, p. 437.

Where a depot and tracks connected therewith are built and maintained on land devoted to railway purposes and they are properly built and maintained, and the railway properly conducted and operated thereon—without negligence—one who acquires land near the land so set apart and builds thereon and occupies a home, although prior to the time of the building of the depot and tracks, can not recover for personal annoyance and inconvenience on account of the operation of the road, independent of any damage done to his property. Same authorities.

Before one can recover for personal annoyance and inconvenience on account of noise, smoke, vibrations and things of that kind, caused by the operation of a railway near his property, such noise, smoke and vibrations must be such as are not ordinarily incident to the operation of a railway properly conducted. They must be caused by negligence in its operation. In other words, they must amount to a nuisance, brought about by the improper operation of the railway. If they are such as are usually and necessarily incident to the operation of the railway the measure of damages is the difference in the value of the property. Same authorities.

No briefs for defendant in error were on file.

WILLIAMS, ASSOCIATE JUSTICE.—The plaintiff in error (defendant below) constructed its railroad, freight depot and five spur tracks upon its right of way and depot grounds in the city of Denison, near the homestead of defendant in error. She brought this action to recover

damages for the depreciation in the value of her property, and for the annoyance and discomfort to herself occasioned by the carrying on of the railroad's business and the invasion of her home by the noise, dust, odors, etc., resulting therefrom. The jury found against her as to the claim for damage to her property, but in her favor the sum of $212.50 as damages for personal discomfort. It is now urged that no case was made entitling plaintiff to such damages. There is no evidence that defendant's business was in any way improperly or negligently conducted, or that the number of tracks, engines and cars employed by it was greater than was necessary to properly perform its duties to the public at its freight depot, or that, in the operation of these things, more noise, dust, cinders, odors, etc., were produced than would necessarily attend such operations properly conducted. The case is an attempt to establish a liability for that which is the usual and ordinary operation of the business in a reasonable manner. There is evidence that annoyance and discomfort were caused to plaintiff in her home, and if this were enough to make out a case for such damages, this court could not interfere with the verdict of the jury. The judgment was affirmed by the Court of Civil Appeals upon the authority of Daniel v. Fort Worth & R. G. Railway, 96 Texas, 327, and Missouri, K. & T. Railway v. Anderson, 36 Texas Civ. App., 121. See also Missouri, K. & T. Railway v. Mott, 98 Texas, 91.

Those cases rest upon the doctrine of nuisances, the fundamental proposition underlying all of them being that there had been unnecessary and unreasonable uses by the defendants of their property to the injury of the plaintiffs, consisting in such a location of stockpens, coalchutes, yards, etc., there in question, which the defendants could have located elsewhere, as to unreasonably and unnecessarily interfere with the plaintiff's use and enjoyment of their property. The underlying idea was, that inasmuch as the particular locations of those structures by the defendants were in no way regulated or controlled by law, the unreasonable locations to the injury of others had not been legalized, but constituted nuisances. The subject was more extensively considered in Rainey v. Red River T. & S. Ry. Co., ante, page 276, and the proper distinction was made between cases of that class and those such as we deem this to be.

Here, the defendant, in the location of its right of way, its main track, its freight depot and such sidings and spurs as were necessary to the proper carrying on of its freight business and the discharge of its duties therein, did only that which the law authorized it to do. In other words, for the public good, its action in these regards, so long at least as it was only a reasonable exercise of the privileges granted, was made lawful; and any incidental damage resulting to members of the public, beyond that caused to their property, against which they are protected by the Constitution, is to be regarded as damnum absque injuria, which must be borne because the work which inflicts it is authorized by law for the general welfare. Structures like that here existing are only such as the law requires railroad companies to have as a necessary part of their equipment and requires them to locate, not

at designated places, it is true, but yet with proper regard to the public interests. As is pointed out in the Rainey case, this was not true of such structures as were there under consideration and as were involved in the cases first cited, the location of which the law did not attempt in any way to control or influence. That the right of way and track of a railroad company is excluded by the considerations stated from the operation of the principle of the cases referred to, is expressly conceded in the Rainey case and has long been the settled law (authorities cited below) ; and this is equally true of depots and their necessary incidents. By articles 4492 and 4493, Revised Statutes, railroad companies are required to locate their depot grounds before they construct their roads and are forbidden to change them, and by article 4519, they are required to erect at such depots suitable buildings, etc. It is hardly necessary to add that sidetracks at such stations are an essential part of the road, and are as much authorized and required as the main line and stations. It can not be held, therefore, that the mere location of such tracks and stations near to the property of others gives rise to the liability here asserted. If so, the same liability would arise to everyone who might be annoyed by trains passing along the main line, for no reason could be given for the liability in one case which would not be valid in support of it in the other; and yet it has often been held that no such liability can be sustained consistently with the law which authorizes the construction of such quasi public works. Beseman v. Pennsylvania R. R. Co., 50 N. J. L., 241; Rex v. Pease, 4 B. & Ad., 24; Baltimore & Potomac R. R. Co. v. Fifth Baptist Ch., 108 U. S., 331; London, Brighton & South Coast Ry. Co. v. Truman, 11 App. Cas., 45.

The judgment in favor of plaintiff must, therefore, be reversed, and as the evidence is clear and conclusive that there was no negligence in the carrying on of defendant's business, and as the jury has found that plaintiff's property has not been damaged, judgment will be rendered in favor of defendant.

*Reversed and rendered.*