OKLAHOMA CITY & TEXAS RAILROAD COMPANY v. J. A. SCARBOROUGH.

Decided June 2, 1906.

**Operation of Railroads—Annoyance of Adjacent Residents.**

*Railroad companies, in the absence of evidence that their business is improperly or negligently conducted, are not liable in damages to adjacent residents for personal annoyance, discomfort or inconvenience necessarily resulting from and incident to the lawful operation of their trains and locomotives along the streets of a town. It is otherwise as to injury to property.*

Appeal from the District Court of Hardeman County. Tried below before Hon. S. P. Huff.

*C. H. Yoakum* and *D. E. Decker,* for appellant.—A petition which alleges damages for personal inconvenience to the owner of abutting property on a railway right of way, who was occupying the same as a residence, in addition to alleging damages occasioned by depreciation in market value of the property, is subject to a special exception on the grounds that the petition fails to allege that the railway, sidings and depot are improperly constructed or are negligently operated, or that necessity for such construction did not exist. St. Louis, S. F. & T. Ry. Co. v. Shaw, 92 S. W. Rep., 30; Denison, B. & N. O. Ry. Co. v. Barry, 83 S. W. Rep., 4.

SPEER, ASSOCIATE JUSTICE.—Appellee, as plaintiff below, instituted this suit against appellant to recover damages, and in his first amended original petition, upon which the trial was had, alleged "that the operation of defendant's cars and engines over said tracks is necessarily attended with great and annoying noises and with the emission of smoke, ashes, cinders, soot, foul odors and dirt from defendant's engines, which fall upon plaintiff's said property to the great discomfort, inconvenience and annoyance of those who have occupied and who occupy plaintiff's said property. . . . That the immediate and necessary effect of the construction of said depot, cotton platform and tracks, and of the operation of trains, cars and engines on said tracks over said avenue and said adjacent strip of land, has been to depreciate the market and intrinsic value of plaintiff's said property in the sum of $750. That between said April 1, 1903, and July 1, 1904, the great and annoying noises, the emission of smoke, ashes, cinders, soot, foul odors and dirt from defendant's engines in the operation of its engines, cars and trains as aforesaid, had the effect necessarily to injure and destroy to him and his family the use and enjoyment of plaintiff's said property as his homestead to his damage in the further sum of $500." For these sums be prayed judgment. Ap-

pellant interposed a special exception to that part of appellee's pleadings which seeks to recover damages for personal inconvenience to himself and family, because it is nowhere alleged that it had been in any manner negligent in the construction of its tracks, depot and other structures complained of, or in the operation of its trains. This exception, which was overruled, presents the first and only question for our determination.

The holding of our Supreme Court in St. Louis, S. F. & T. Ry. Co. v. Shaw, 92 S. W. Rep., 30, is decisive of this question in favor of appellant. In that case the plaintiff recovered damages for the annoyance and discomfort to herself occasioned by the defendant's carrying on its railroad business, resulting in the invasion of her home by noises, dust, odors, etc., and in disposing of the case Mr. Justice Williams for the court said: "There is no evidence that defendant's business was in any way improperly or negligently conducted, or that the number of tracks, engines and cars employed by it was greater than was necessary to properly perform its duties to the public at this freight depot, or that in the operation of these things more noises, dust, cinders, odors, etc., were produced than would necessarily attend such operations properly conducted. The case is an attempt to establish a liability for that which is the usual and ordinary operation of the business in a reasonable manner. There is evidence that annoyance and discomfort were caused the plaintiff in her home, and if this were enough to make out a case for such damages, this court could not interfere with the verdict of the jury. . . . Here, the defendant in the location of its right of way, its main track, its freight depot and such sidings and spurs as were necessary to the proper carrying on of its freight business and the discharge of its duties therein, did only that which the law authorized it to do. In other words, for the public good its action in those regards, so long at least as it was only a reasonable exercise of the privilege granted, was made lawful; and any incidental damage resulting to members of the public, beyond that caused to their property, against which they are protected by the constitution, is to be regarded as *damnum absque injuria,* which must be borne because the work which inflicts it is authorized by law for the general welfare." This aptly applies to the present case, since appellee's pleadings not only did not allege negligence, but, as above shown, did allege that the annoyance and inconvenience complained of were the immediate and necessary effects of appellant's business. The exception should have been sustained, and for the error of the court in overruling it, the judgment is reversed and the cause remanded.

*Reversed and remanded.*