## WIGHT v. BELCHER. (No. 385–3608.) *

(Commission of Appeals of Texas, Section A. March 28, 1923.)

1. **Eminent domain ⬦271—Negligence by defendant held not necessary to recovery of damage, though defendant a federal corporation under receiver appointed by federal court.**

In a suit to recover damages to real estate by depreciation in its value, alleged to have been caused by defendant, it is not necessary for plaintiff to show that defendant was negligent, and the fact that defendant was a federal corporation under the control of a receiver appointed by a federal court does not make such showing necessary, in view of Const. art. 1, § 17, providing that no person's property shall be taken, damaged, or destroyed for, or applied to, public use without adequate compensation; compensation being allowable under such provision, regardless of negligence.

2. **Eminent domain ⬦285—Neither corporation created by Congress nor persons acting under authority of federal court may damage private property without compensation.**

Neither a corporation created by Congress nor any one acting under the authority of the federal court has a right to damage private property without compensation to the owner any more than has any other person or corporation.

3. **Appeal and error ⬦1094(1)—Court of Civil Appeals has final jurisdiction as to sufficiency of evidence to sustain judgment.**

The Court of Civil Appeals has final jurisdiction of questions involving sufficiency of the evidence to sustain a judgment.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Suit by J. E. Belcher against Pearl Wight, receiver. A judgment for plaintiff was affirmed by the Court of Civil Appeals (226 S. W. 472), and defendant brings error. Affirmed in accordance with the recommendation of the Commission of Appeals.

Young & Stinchcomb, and Riley Strickland, all of Longview, for plaintiff in error.

Martin & Beall, of Longview, for defendant in error.

RANDOLPH, J. The defendant in error, plaintiff in the trial court, filed this suit in the district court of Gregg county against the plaintiff in error, defendant below, to recover damages for depreciation of the value of certain real estate caused by the defendant.

The plaintiff's petition sets out the depreciation in the value of his property by reason of the building of an embankment and spur track by defendant. The trial court rendered judgment in favor of plaintiff for the sum of $500, and this judgment was affirmed by the Court of Civil Appeals.

The question presented to us for our consideration by plaintiff in error which we deem necessary to discuss is: This being suit against a corporation existing under a charter granted by the Congress of the United States, and which corporation is in the hands of a receiver appointed by a federal court, damages for depreciation in the value of real estate that is neither taken nor destroyed are not recoverable unless it is alleged and proved that the damages are the result of negligence upon the part of the receiver.

[1] In a suit to recover damages to real estate, caused by depreciation in the value of same and alleged to have been caused by the defendant, it is not necessary for plaintiff to have alleged in his petition and to have proved that the defendant was guilty of negligence, and the fact that the defendant was a federal corporation and was under the management of a receiver appointed by a federal court does not make that allegation and proof necessary.

Section 17 of article 1 of the Constitution of the state of Texas is as follows:

"No person's property shall be taken, damaged or destroyed for, or applied to, public use without adequate compensation being made, unless by the consent of such person; and when taken, except for the use of the state, such compensation shall be first made, or secured by a deposit of money; and no irrevocable or uncontrollable grant of special privileges or immunities shall be made; but all privileges and franchises granted by the Legislature, or created under its authority, shall be subject to the control thereof."

It will be seen that this article expressly provides for compensation for property "damaged." Damage to property is thus placed on the same plane as if it had been "taken or destroyed." It would be absurd to say that a party could not recover for property taken or destroyed unless negligence on the part of the taker was alleged and proved. The compensation is allowed regardless of whether there was negligence; the mere taking, damaging, or destruction of the property furnishing the basis upon which the owner is to be compensated.

We think the cases cited by plaintiff in error amply support this proposition as laid down by us, and we will discuss some of them with other cases.

In the case of Railway Co. v. Shaw, 99 Tex. 559, 92 S. W. 30, 6 L. R. A. (N. S.) 245, 122 Am. St. Rep. 663, the recovery was based upon annoyance and discomfort to the plaintiff personally, the jury having found against her claims for damages to her property, and the Supreme Court reversed the case because the evidence was clear and conclusive that there was no negligence in the conduct of its business by the defendant and refused to allow damage for this per-

sonal discomfort and expressly called attention to the fact that the jury had found that plaintiff's property had not been damaged.

In the case of Railway Co. v. Clifford (Tex. Civ. App.) 94 S. W. 168, Judge Talbot recognizes the rule that damages to property by way of depreciation in value is recoverable.

The United States Supreme Court, in the case of Richards v. Washington Terminal Co., 233 U. S. 554, 34 Sup. St. 654, 58 L. Ed. 1088, L. R. A. 1915A, 887, passing upon the question, of the right to recover where depreciation is shown, and holding that in the ordinary course of its business, where no negligence is shown, a corporation is not responsible for damages, it not having taken the property, plainly recognizes the fact that the state of Texas has provided against such result by express provision in the state Constitution, providing thereby for recovery of compensation for property damaged.

[2] We do not understand that a corporation created by the Congress of the United States nor any one acting under the authority of any federal court has a right to damage private property without compensation to the owner any more than has any other person or corporation.

The Court of Civil Appeals in the case of Railway Co. v. Taylor, 200 S. W. 1117, writ of error denied, conclusively settles that question, and we approve Chief Judge Willson's opinion as a clear statement of the law governing the question that the defendant herein being operated under a charter from Congress does not make it immune to the laws of this state in this respect.

[3] The other questions presented are matters involving sufficiency of the evidence to sustain the judgment in this case. The Court of Civil Appeals having final jurisdiction of such questions, we, for that reason, overrule them.

We therefore recommend to the honorable Supreme Court that the judgment of the Court of Civil Appeals herein be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.