## CITY OF WYLIE et al. v. STONE.
### (No. 10381.)

Court of Civil Appeals of Texas. Dallas.
April 10, 1929.

Rehearing by both Parties Denied. May 4, 1929. Additional Conclusions of Facts May 8, 1929.

R. L. Moulden and Smith & Abernathy, all of McKinney, for plaintiffs in error.

Ross M. Scott, of Dallas, and Truitt & Neathery, of McKinney, for defendant in error.

LOONEY, J. Appellee, C. A. Stone sued the city of Wylie, its mayor and aldermen, to enjoin the operation of the city's sewerage disposal plant and to abate same, on the ground that its operation constituted both a public and private nuisance.

The findings of the jury were sufficient to justify the conclusion that the plant as operated was a nuisance, that is to say, it was shown that water drained from the plant was

permitted to spread over and stagnate upon contiguous land from which offensive odors and mosquitoes reached the home of plaintiff'about a half mile away, to the discomfort of himself and family, also materially interfering with the use of his land for pasturage purposes.

The jury also found that the plant could have been located and operated, in a practical manner, on a branch described as "east of the cemetery," that would not have caused injuries to others similar to those inflicted upon plaintiff; that his land was depreciated in market value $5,000; and that defendant would suffer $8,000 loss if the injunction sought should be granted.

Upon these findings, the court abated the plant as a nuisance, enjoined defendants from operating same at its present location, allowed six months from the date of judgment, or from the filing of mandate in case of an appeal, to comply with the decree.

Defendants contend that the court should have granted their request for an instructed verdict, on the idea that, the Legislature having authorized the governing authorities of the city to locate and establish the sewer plant, the nuisance, if any resulted from its operation, was legalized, therefore plaintiff was not entitled to injunctive relief, except as against a negligent construction or operation, which latter issue was not presented by the pleadings. This insistence is based on the doctrine announced by the Supreme Court in Rainey v. Red River T. & S. R. Co., 99 Tex. 276, 89 S. W. 768, 90 S. W. 1096, 3 L. R. A. (N. S.) 590, 122 Am. St. Rep. 622, 13 Ann. Cas. 580, and in St. Louis, etc., R. Co. v. Shaw, 99 Tex. 559, 92 S. W. 30, 6 L. R. A. (N. S.) 245, 122 Am. St. Rep. 663.

In these cases the Supreme Court drew a distinction between the right of a railway company to locate its route, depots, sidings, and such like, and its right to locate machine and repair shops, holding with reference to the former that the company could arbitrarily select locations and that any nuisance resulting from proper operations was legalized because the company did only that which the law authorized; but inasmuch as the location of machine and repair shops was not regulated or controlled by law, any injury to others resulting from an unreasonable location was not a legalized but an actionable nuisance.

In the Shaw Case (page 561, [92 S. W. 30]), Judge Williams stated the rule and the reason as follows: "Here, the defendant, in the location of its right of way, its main track, its freight depot and such sidings and spurs as were necessary to the proper carrying on of its freight business and the discharge of its duties therein, did only that which the law authorized it to do. In other words, for the public good, its action in these regards, so long at least as it was only a reasonable exercise of the privileges granted, was made lawful; and any incidental damage resulting to members of the public, beyond that caused to their property, against which they are protected by the Constitution, is to be regarded as damnum absque injuria, which must be borne because the work which inflicts it is authorized by law for the general welfare. Structures like that here existing are only such as the law requires railroad companies to have as a necessary part of their equipment and requires them to locate, not at designated places, it is true, but yet with proper regard to the public interests. As is pointed out in the Rainey Case, this was not true of such structures as were there under consideration and as were involved in the cases first cited, the location of which the law did not attempt in any way to control or influence."

This doctrine, however, is not applicable to the case at bar; the nuisance here complained of does not belong to the category of those legalized, but, in a proper case, may be enjoined. See City of Marlin v. Holloway (Tex. Civ. App.) 192 S. W. 623, and authorities cited; also, Boyd v. City of San Angelo (Tex. Civ. App.) 290 S. W. 833. Furthermore, the governing authorities of the city of Wylie, in establishing the disposal plant in question, acted for the peculiar benefit of the inhabitants of the city and not for the public at large. Therefore, if a nuisance resulted from its operation, the negligence, whether or not of defendants, was wholly immaterial. See City of Dallas v. Early (Tex. Civ. App.) 281 S. W. 883, and authorities cited.

Defendants also contend that the court erred in not directing a verdict in their favor because the evidence failed to show the existence of a nuisance. The findings of the jury, on this issue, heretofore set out, justify the conclusion that the disposal plant as operated was a nuisance; hence we overrule this contention and all assignments and propositions complaining of the refusal of the court to direct a verdict.

Defendants assign error on the refusal of the court to submit to the jury at their request the following issue: "In selecting the present location for the disposal plant did the city of Wylie believe that such location was suitable, and that operation of the plant there would not cause any more inconvenience or discomfort to persons than it would cause to some other person or persons if located at another place?"

The tenor of plaintiff's allegation is that defendants acted unreasonably in locating the disposal plant; that there existed a more eligible location near the cemetery in the eastern portion of the town where there was natural drainage with sufficient fall to admit of water flowing off without standing and stagnating.

Defendants' answer to this charge was: "That competent and qualified surveyors and engineers were employed, and, after carefully examining all of the surrounding territory to the city of Wylie, it was deemed necessary to select the present location for said system and disposal plant, and it was so selected by said city as the best suitable place and location for the same, where it would cause the least inconvenience and discomfort."

Thus it is apparent that whether defendants acted reasonably or arbitrarily in locating the plant was a well-defined issue presented by pleadings, and the record discloses that these respective contentions were supported by evidence. The court did not submit the issue affirmatively, but only indirectly, by requiring the jury to answer, if there existed an eligible location for the plant on the branch east of the cemetery, and whether the installation and operation of the plant at that point would cause injuries to others similar to those inflicted upon plaintiff. We believe the issue should have been submitted in substance as requested; however, we do not think the question should be made to turn on the belief of defendants, as to the suitableness of the location, as their belief, however sincere, would not excuse an arbitrary or unreasonable location. The jury should have been required to find in substance whether or not, under all the facts and circumstances, there existed a reasonable necessity for the location of the disposal plant at the point selected.

The further contention is made that plaintiff had an adequate remedy at law, was not entitled to injunctive relief as a matter of right, but should have been relegated to his action for damages. This presents the decisive question in the case.

■■ It does not follow that every nuisance will be enjoined; courts will consider the equities, pro and con. Ordinarily, where there exists an adequate remedy at law, a nuisance will not be suppressed by injunction; especially is this true in cases of the nature of the one under consideration, where the interest and convenience of an entire community is involved as against a private or personal inconvenience or loss that may be measured in dollars and cents. That damages for depreciation in value of land and for physical discomfort resulting from a nuisance may be recovered in the same action is well settled in this state. See Daniel v. R. Co., 96 Tex. 327, 72 S. W. 578; Texas & P. R. Co. v. Reeves (Tex. Com. App.) 256 S. W. 902.

As to the propriety of abating a nuisance by injunction, Judge Gaines, in Rainey v. Red River T. & S. R. Co., 99 Tex. 276, 285, 89 S. W. 768, 772 (3 L. R. A. (N. S.) 590, 122 Am. St. Rep. 622, 13 Ann. Cas. 580), after distinguishing a legalized from a nonlegalized nuisance, said: "Since the case is to go back for a new trial, we think it not improper to suggest that because a nuisance of the character of that in question is not legalized by the statute, it does not follow that it can in every case be enjoined. The constitution gives the injured party an absolute right to pecuniary compensation. Machine and repair shops are necessary to the operation of any extended line of railroad, and they can hardly be constructed and operated without creating a nuisance or becoming a nuisance in the course of subsequent events. So that in any case, when the company is enabled to show a reasonable necessity for the location at the particular point, or that no other eligible place can be found where a similar injury would not be inflicted upon another person, or persons, an injunction should be denied and the party remitted to his action for damages. So if the injury be small and capable of being estimated in money and a money payment is an adequate compensation, and the injunction would operate oppressively to the defendant, then it may be that it would be proper to refuse to enjoin."

Also, in Galveston H. & S. A. R. Co. v. DeGroff, 102 Tex. 433, 442, 118 S. W. 134, 138 (21 L. R. A. (N. S.) 749) Judge Brown used this language: "The question of issuing an injunction under such state of facts depends upon the circumstances and it is the duty of the court to consider the relative injury to the plaintiffs by a continuance of the nuisance to that which would be inflicted upon the defendant and the public by granting and enforcing an injunction, and if the injury to the plaintiffs appears to be greatly less in amount in comparison to that which will result to the railroad company and the public, then it is the duty of the court to deny the writ of injunction."

Also, see Sherman Gas, etc., Co. v. Belden, 103 Tex. 59, 123 S. W. 119, 27 L. R. A. (N. S.) 237; Gose v. Coryell, 59 Tex. Civ. App. 504, 126 S. W. 1164, 1167; Boyd v. City of San Angelo (Tex. Civ. App.) 290 S. W. 833, 835; Wees v. Coal & Iron R. Co., 54 W. Va. 421, 46 S. E. 166.

■ One of the major functions of a municipal government is to insure proper sanitation and preserve public health; to this end, the law, by express provisions of the statute, and by many implications therefrom, has committed to governing authorities of cities, such as Wylie, the duty of establishing and operating sewer systems. They are authorized to purchase necessary lands, either within or without the city limits (article 1108, R. S. 1925), and, when necessary, may acquire lands by condemnation proceedings (article 1109b, R. S. 1925). Therefore, wherever these authorities act, the presumption will be indulged, until overcome by a preponderance of evidence, that they acted in good faith, with due regard to the rights and interest of all concerned, and found a reasonable necessity for making the particular

location. Courts are not authorized to substitute theirs for the judgment of authorities whom the law has clothed with exclusive authority to act, and their discretion, when exercised, should not be disturbed, except in a clear case of abuse, which we do not find was committed in this case.

For these reasons, the judgment of the trial court is reversed and the cause remanded for a new trial.

Reversed and remanded.

### Additional Conclusions of Facts.

At the request of plaintiffs in error, the following additional conclusions of fact are filed: (1) The city of Wylie is a city of less than 5,000 inhabitants; (2) the governing authorities of said city deemed it necessary to acquire and use for sewerage purposes the land where the disposal plant, the use of which was sought to be enjoined, is located.