## SOAP CORPORATION OF AMERICA v. BALIS et al.

### No. 15050.

Court of Civil Appeals of Texas.
Fort Worth.

Sept. 23, 1949.

Rehearing Denied Nov. 4, 1949.

Nelson, Montgomery & Robertson, Otis E. Nelson and H. P. Hodge, Jr., all of Wichita Falls, for appellant.

Kearby Peery and John Davenport, both of Wichita Falls, for appellees.

HALL, Justice.

Appellee Wiley Balis and thirteen parties sued appellant Soap Corporation of America in a district court of Wichita County, Texas, for damages to their real property and their persons, caused by appellant's grinding and processing soap in the vicinity of their homes, wherein such manufacturing process emitted odors that smelled like dead fish, dead cattle or similarly decayed material. They further alleged and testified, in substance, that in the operation of such plant it produced foul and obnoxious odors that spread into their homes, settled on their clothing and prevented the enjoyment of their homes, which caused them personal annoyance and discomfort. They alleged such nuisance was permanent. Three plaintiffs took a non suit.

Appellant answered by way of general denial and by special defenses, such as res adjudicata based upon a judgment denying the City of Wichita Falls an injunction; that if appellees suffered such inconvenience it was no more than would be suffered by any citizen of Wichita Falls, therefore appellees were not inconvenienced any greater than the average normal citizen of the neighborhood and therefore not entitled to recover. That appellees, or some of them, were not persons of ordinary tastes, habits or sensibilities, by reason of which appellant was not liable to them for their injuries. That appellant Soap Corporation was operating its plant with the most up to date and modern machinery which could be secured and denied that dirt and dust were escaping from its plant; that appellant had a contract with the City of Wichita Falls to lease a tract of ground near the soap plant for $1500.00 per year.

Seventy-two issues were submitted to the jury and upon their answers to same the court entered judgment in favor of appellees, wherein each of the male appellees received the sum of $500.00 as damages sustained for personal discomfort and annoyance, the female appellees received the sum of $1,000.00 for discomfort and annoyance, and appellees also received judgment for a 33-1/3% depreciation in their property, which was the difference the jury found between market value immediately before appellant's plant began operation and at the time of trial.

The court denied appellees an injunction. Appellant appeals, submitting 213 points of error. For benefit of brevity we shall group appellant's points of error while discussing all points briefed.

The first complaint involving many of appellant's points is directed to action of the court in not instructing a verdict for it for the reason there was no pleading or proof which would disclose appellees suffered an injury any greater than that which was common to the public in general. In other words, if there was a nuisance it was a public nuisance as distinguished from a private nuisance, thereby denying individuals a right of recovery. The heart of its contention seems to be that because

such odors were smelled at a greater distance beyond the premises of appellees and annoyed people practically all over the City of Wichita Falls, that such penetration of the bad odors emanating from the plant would bar those living in the immediate vicinity from recovery, and cites for authorities King v. Columbian Carbon Co., 5 Cir., 152 F.2d 636; 39 Am. Jur., p. 285; 46 C.J., pp. 646-647; City of San Antonio v. Stumburg, 70 Tex. 366, 7 S.W. 754; Shephard v. Barnett et al., 52 Tex. 638; and others of a similar nature. Suffice it to say we have read all of appellant's cases cited on this point and have come to the conclusion that appellees' cause of action for private nuisance is sustainable.

■ One of the cases cited by appellant under 46 C.J., p. 646, being the State v. Rabinowitz, 85 Kan. 841, 118 P. 1040, 1042, 39 L.R.A.,N.S., 187, gives, we think, a correct definition of a public nuisance, as follows: "A nuisance is public if it affects a community at large, or if it affects a place where the public have a right to and do go, such as a park, street, or alley, and which nuisance necessarily annoys, offends, or injures those who come within the scope of its influence." We also find the definition outlined in the King case, supra, sufficiently defines a private nuisance as follows: "A private nuisance is anything done to the hurt or annoyance of the lands, tenemants, or hereditaments of another; that produces damages to but one or a few persons and cannot be said to be public." [152 F.2d 638]

We deem it unnecessary to cite cases wherein a cause of action, such as the one in question, has been sustained by the courts. The King case, supra, is sufficient authority upon this point. We overrule appellant's contention as outlined in the many points set out in its brief upon this question.

We shall now discuss appellant's points of error complaining of the court's submitting special issue No. 3 to the jury because said issue "inquired as to whether or not the odors had been and will be so unusual and excessive, etc., instead of inquiring of the jury whether or not the condition brought about the *Appellant* in the use of its property was so unusual and excessive that it necessarily caused injury or damage, etc., the ultimate issue of fact being not whether the odors were so unusual or excessive, but whether or not the Appellant's use of its property was so unusual and excessive to cause the injury or damage inquired about." We interpret such objection to be leveled at the court's failure to submit the issue upon negligent operation or negligent construction of appellant's plant. It cites for authorities St. Louis, S. F. & T. R. Co. v. Shaw, 99 Tex. 559, 92 S.W. 30, 6 L.R.A., N.S., 245; Columbian Carbon Co. v. Tholen, Tex.Civ.App., 199 S.W.2d 825, writ ref.; Royalty v. Strange, Tex.Civ. App., 220 S.W. 421; King v. Columbian Carbon Co., 5 Cir., 152 F.2d 636; Smith v. Columbian Carbon Co., Tex.Civ.App., 196 S.W.2d 660, by the Supreme Court, 145 Tex. 478, 198 S.W.2d 727; City of Temple v. Mitchell, Tex.Civ.App., 180 S.W. 2d 959; and Rainey v. Red River T. & S. R. Co., 99 Tex. 276, 89 S.W. 768, 3 L.R.A., N.S., 590, 122 Am.St.Rep. 622, 13 Ann.Cas. 580.

It is not essential to allege and prove negligence in all cases of nuisance. In the Tholen case, supra, cited by appellant, the rule is stated [199 S.W.2d 828]: "To state the distinction another way, it is only where an act or a condition can become a nuisance solely by reason of the negligent manner in which it is performed or permitted, that no right of recovery can be shown independently of the existence of negligence, as appellant here contends. That rule is thus stated in 31 Texas Jurisprudence, page 421, Sec. 11: * * *." (See other cases there cited.) The court's holding in the Tholen case is against appellant's contention. The King case, supra, cited by appellant, is also against its contention. It was there held [152 F.2d 639]: "A business which is lawful in itself may become a nuisance either because of the locality in which it is carried on or because it is conducted in an improper manner. 31 Tex.Jur. 424, § 13; 39 Am.Jur. 325, § 44. * * * In determining whether a thing or a business is a nuisance the

location and surroundings are important and should be considered with other circumstances of the case. A business or industry otherwise lawful may be a nuisance because of the place where it is located or carried on, and although it is not in itself a nuisance, it may become such when it is located in a place forbidden by law or wholly uncongenial to its type of enterprise. 'A nuisance may be a right thing in the wrong place, like a pig in the parlor instead of the barnyard.' Justice Sutherland in Euclid, Ohio v. Ambler Realty Co., 272 U.S. 365, 47 S.Ct. 114, 118, 71 L.Ed. 303, 54 A.L.R. 1016. See Gose v. Coryell, 59 Tex.Civ.App. 504, 126 S.W. 1164."

 So it is the law in Texas that a person cannot be driven from his home or be forced to live in uncomfortable surroundings by the unlawful acts of another person or company which, without due regard to its neighbors' rights, erects a plant in the midst of a residential section that will, regardless of the care it may take in its operation, allow obnoxious odors to emanate therefrom causing discomfort to those in the immediate surroundings. In such cases the proof of negligence is not a prerequisite to recovery, as outlined in the Tholen and King cases, supra. We overrule appellant's contention.

 Appellant complains in twenty-nine of its points of error that the judgment of the trial court should be reversed because it is based upon insufficient evidence. We have read the testimony of appellees, together with testimony they adduced from other witnesses, which proves to us that there was sufficient evidence to go to the jury. The general nature of such testimony is that appellees were affected continuously with the odors emanating from said plant, especially when the wind was from the direction of the plant. Appellees testified they lived in the immediate vicinity of the soap factory, occupying their homes, eating their meals and sleeping in them. One appellee testified the odors were so bad as to sometimes compel them to leave their home; other appellees testified that such odors made them so sick at their stomachs they were unable to eat. Many witnesses testi-

fied they could smell the odors emanating from appellant's plant most anywhere in the City of Wichita Falls. We overrule this contention of appellant.

Appellant's points of error Nos. 7 to 12 inclusive, and twenty-six other points are leveled at action of the court in rendering judgment for appellees H. R. Leverett et ux and other appellees because neither of them was a person of ordinary sensibilities, tastes and habits but each of them was diseased with sinus trouble, hay fever and other ailments and the court failed to submit the ultimate issue of fact whether or not Wiley Balis and other appellees were persons of ordinary sensibilities, tastes and habits. The court submitted issues and the jury found in answer thereto:

(1) That appellant discharged foul and obnoxious odors from its plant beginning November, 1947.

(2) That it continued to so discharge such foul and obnoxious odors at the date of the trial.

(3) That same were permanent.

(4) "Do you find from a preponderance of the evidence that such odors, if any, inquired about in Special Issue No. 1, have been and will be so unusual and excessive that they necessarily cause injury or damage or harm or inconvenience to a person of ordinary sensibilities in the use and enjoyment of his property, substantially, materially, and unreasonably interferring with the later's comfort and proper use and enjoyment of his property, taking into consideration the nature and use of the property of both parties, and the character of community in which they are situated? Answer 'Yes' or 'No.' Answer: Yes."

(5) "Do you find from a preponderance of the evidence that such odors, if any, inquired about in Special Issue No. 1 have been and will be substantially offensive, discomforting, and annoying to persons of ordinary sensibilities, tastes, and habits, living in the locality where the Soap Corporation of America's premises are situated? Answer 'Yes' or 'No.' Answer: Yes."

(6) "Do you find from a preponderance of the evidence that Wiley Balis has suf-

fered discomfort, inconvenience and annoyance to his person solely as a result of such odors, if any, inquired about in Special Issue No. 1? Answer 'Yes' or 'No.' Answer: Yes."

The effect of the odors on persons of ordinary sensibilities was material in determining whether or not there was a nuisance. The maintenance of the nuisance was a tort. A right of damages for injuries proximately resulting from the nuisance was not limited to persons of ordinary sensibilities. Appellant was liable to any of the plaintiffs who received injuries proximately caused by the commission of the tort. We overrule this contention.

Appellant's assignments of error 45 through 50 inclusive, and 52, 53 and 55 are directed to action of the court in admitting testimony of witnesses to the effect that in their opinion the odors given off by the soap factory would be offensive to a person of ordinary sensibilities. The testimony was admissible under the holding in Patton v. Carter, Tex.Civ.App., 197 S.W.2d 168. We overrule these points of error.

Appellant's points of error 51, 54, 57, 58, 59, 60, and 65 are directed to action of the court in permitting appellees who were afflicted with hay fever or other like symtoms to testify as to the effect the odors from appellant's plant had upon them. We know of no law, neither does appellant cite us cases to the effect, that because a person may have sinus trouble or hay fever it will prevent him from testifying in a case of this kind. Such disability would affect the weight of the testimony rather than its admissibility. We overrule appellant's points of error.

Appellant's point of error 212 is addressed to action of the court in refusing to set aside the verdict of the jury and grant a new trial because of jury misconduct, based upon the following testimony of one of the jurors and agreed between the parties to be the same testimony of eight other jurors:

"Q. When did you make the agreement with reference to what you would give to the women in the amount of damages and what you would give to the men, with reference to the time as to when you answered the issue of damage?

\* \* \* \* \* \*

"Q. As I recall, the first plaintiff was Wylie Balis. A. Yes, sir.

"Q. —about which any issues were asked, and then there was a question about Mrs. Wylie Balis, and what discomfort she suffered. A. Well, we allowed her $500.00.

"Q. I understand—you allowed him $500.00. A. Yes, we allowed him $500.00 and her $1,000.

"Q. What I mean is, when you made the agreement— A. We discussed what we would give the wife and the husband and property damage before we—

"Q. Before you answered any of the issues? A. Before we made any vote.

"Q. And you agreed to give all of the women the same amount? A. All of them $1,000.00.

"Q. And you agreed to give all the men $500.00? A. $500.00.

"Q. And to give depreciation on what you found the value of the property to be, 33-1/3 per cent? A. Thirty-three and one third per cent.

"Q. And that was before you had answered any of the issues on damages? A. Before we made any stipulated statement what we would do.

"Q. And you proceeded forthwith to answer them in that fashion? A. Right."

Upon cross examination the witness testified as follows:

"Q. Just one question, Mr. Hughes. What you did when you went out there, you elected your foreman, you discussed the evidence with reference to these odors and with reference to this thing being a nuisance, didn't you? A. Yes sir, what we taken from the witnesses.

"Q. And you didn't consider anything except what came from the witness stand, did you? A. That's all.

"Q. And then you answered those questions, based upon the evidence— A. Right.

"Q. —as to what inconvenience you thought each party had sustained and the

inconvenience his wife had sustained? A. Right."

■ The trial court overruled the motion for new trial after hearing the testimony, indicating that he considered no harm resulted to appellant. Appellant has cited us to no authority that the juror's testimony reflected misconduct, neither has it proven to our satisfaction that it was injured by such testimony, as required under Rule 327, Texas Rules of Civil Procedure. Under the above rule both the trial and reviewing courts are permitted to review the matter in the light of the entire record. We do not find jury misconduct under the record in this case or the record upon the motion presenting misconduct. Barrington v. Duncan, 140 Tex. 510, 169 S.W.2d 462; Watson v. Texas Indemnity Ins. Co., Tex. Sup., 210 S.W.2d 989; Railway Express Agency, Inc. v. Gray, Tex. Civ. App., 211 S.W.2d 1013; Maryland Casualty Co. v. Gideon, Tex. Civ. App., 213 S.W.2d 848; Industrial Fabricating Co. et al. v. Christopher, Tex. Civ. App., 220 S.W.2d 281, Ref., N.R.E.

Appellant's point of error based upon jury misconduct is overruled.

■ Appellant's point of error 213 is relegated to action of the court in refusing to set aside the verdict of the jury and grant a new trial because of newly discovered evidence. This proposition is based upon the fact that after judgment was rendered in this case there was a judgment rendered in the U. S. District Court for the Northern District of Texas against appellant by other plaintiffs than those in this case, wherein there was a restraining order or injunction granted against appellant from discharging foul and obnoxious odors in such a manner as to affect plaintiffs in that particular case. The Federal Court case is on appeal, it is not a final judgment and the effect of such judgment is therefore undetermined. Under such circumstances we are of the opinion that such fact is not of such a nature as to be called newly discovered evidence with sufficient probative force to set aside the judgment and grant a new trial. We overrule this contention.

■ Point of error 211 is directed to action of the court in allowing the attorney for appellees to ask appellant's witness the following question on cross examination: "Well, would you like to live next door to one of those rendering plants you have smelled?" We have reviewed the previous testimony of this witness and from such direct testimony and the testimony immediately preceding the question we find no error committed by the court in allowing the witness to answer the question, and same is overruled.

■ Points of error 178 to 199 inclusive point to action of the court in failing to submit appellant's special issue No. 1 as to whether or not the value of some of appellees' property was decreased by establishment of the area where they resided as a light industrial area. While this may be an admissible circumstance that would affect value of real estate, yet we do not find it an ultimate issue to be answered by the jury; these points are overruled.

■ Points of error 200 to 210 complain of the court's action in refusing to submit appellant's requested issue No. 3 with reference as to whether or not a part of the decrease of appellees' property was not due to the establishment of the soap factory at the point where it was located. We find the subject matter of this issue was submitted to the jury by the court in its many issues relative to value of property and its depreciation, and therefore overrule same.

There are many other points of error in appellant's brief which for lack of space we are unable to discuss since we find them not to be reversible errors. The record is extremely voluminous and therefore cannot be discussed fully; however, having given due consideration and study to appellant's points of error, we overrule them, and, believing the case was tried fairly and impartially, affirm the judgment of the trial court.