**WILSON et al. v. POLAND.** (No. 1787.)

Court of Civil Appeals of Texas. Beaumont.
March 7, 1929.

Rehearing Denied March 13, 1929.

891

O. J. Todd, C. S. Pipkin, and Jack M. Moore, all of Beaumont, for appellants.

David E. O'Fiel, of Beaumont, for appellee.

WALKER, J. On the 13th day of December, 1927, P. Poland instituted this suit against L. Wilson, A. H. Boyt, and American Rice Growers' Association, alleging that L. Wilson was due him $528 for threshing 960 sacks of rice at 55 cents per sack and that the work was done under contract entered into "on or about November 1, 1927." He pleaded a lien against the rice for the amount of his debt, and that it was in possession of the other defendants, who were asserting some sort of a claim against it. Boyt and American Rice Growers' Association went out of the case without complaint, and their connection therewith will not be further referred to.

On February 6, 1928, Wilson answered by general demurrer, general denial, and specially, admitting the amount of plaintiff's debt, less $111, which credit was conceded by plaintiff, but pleaded that the account was not due. He also pleaded as follows:

"Answering further herein this defendant says that he understands and believes that the South Texas Implement & Machinery Company, a corporation duly incorporated under the laws of the State of Texas with its principal place of business in Houston, Harris County, Texas, holds a claim against the plaintiff herein upon which they have brought suit for the collection thereof; that said South Texas Implement & Machinery Company has garnished this defendant for whatever funds he might hold in his hands as belonging to the plaintiff herein; that this defendant asks the Court that the South Texas Implement Company be duly cited in this cause and commanded to answer herein in order that they may set up what claim they have against the plaintiff herein and on whatever funds this defendant may have in his hands belonging to plaintiff, if any such he has."

On the 28th day of March, 1928, South Texas Implement & Machinery Company intervened, pleading that it filed suit on the 6th day of December, 1927, against P. Poland in county court of Harris county, Tex., and in said cause recovered judgment against P. Poland on February 23, 1928, for $499.30; that, at the time it filed its suit against P. Poland, it sued out a writ of garnishment against L. Wilson; that said writ was served on December 9, 1927, and on the 27th day of February, 1928, on the answer of said L. Wilson to said writ of garnishment that he owed P. Poland $378, an interlocutory judgment was entered in its favor against Wilson for said sum. On May 17, 1928, under leave of the court, David E. O'Fiel and James Poland filed their plea of intervention claiming the amount of plaintiff's demand against Wilson under assignments from him, one-third to O'Fiel and two-thirds to James Poland. On a trial to the court without a jury, it was found and so recited in the judgment that P. Poland assigned in writing one-third of his claim to David E. O'Fiel prior to service of the writ of garnishment against Wilson in the Harris county suit, and that prior to such service of the writ of garnishment against Wilson P. Poland made an equitable assignment of the other two-thirds of a claim to James Poland. On this finding judgment was entered against L. Wilson in favor of O'Fiel and James Poland for the full amount of the claim of P. Poland, and that the South Texas Implement & Machinery Company recover nothing. L. Wilson and South Texas Implement & Machinery Company have duly perfected their appeal from this judgment.

██ Appellants say that judgment for appellees was fundamentally erroneous, on the ground that they came into court and pleaded their cause by a supplemental petition. It is true that they designated their pleading "Plaintiffs' First Supplemental Petition," but against a demurrer or assignment of fundamental error a plea should be construed by its essential nature, and not by the name given to it by the pleader. Appellees' plea was in due form. They pleaded permission of the court to intervene, the assignment of

plaintiff's claim to them, the adoption of plaintiff's allegations, and his prayer for relief.

Judgment was properly entered for appellee O'Fiel for one-third of the amount due by Wilson for the threshing of the rice. His assignment was in writing, executed befor the service of the writ of garnishment upon Wilson, and was for 10 per cent. of P. Poland's demand against Wilson, "if settled without suit and one-third if suit is necessary." He gave Wilson due notice of his assignment, so that, had he so desired, he could have called it to the court's attention in the garnishment proceeding and answered to that effect. He was to have one-third, if suit was necessary. The record showed affirmatively that suit was necessary and that his right to the one-third had matured. Therefore the court did not err in awarding O'Fiel a one-third recovery instead of a 10 per cent. recovery.

The judgment against the South Texas Implement & Machinery Company that it "take nothing and that said named James Poland, David E. O'Fiel and Pat Poland and L. Wilson go hence without day and recover of and from said intervener, South Texas Implement & Machinery Company its costs," is of doubtful meaning. The evidence fully sustained the allegations of the South Texas Implement & Machinery Company as to the validity of its Harris county judgment against L. Wilson, showing that a final judgment was entered in that case in favor of the South Texas Implement & Machinery Company against L. Wilson on the 11th day of May, 1928, for $378. The issues between this company and Wilson were fully litigated in that suit, and the judgment is not subject to the collateral attack here made. It follows that the judgment of the trial court against the South Texas Implement & Machinery Company must be reversed and judgment here rendered that it go hence without day with its judgment against L. Wilson unimpaired, and that it recover its costs against L. Wilson.

The court erred in concluding that P. Poland, prior to the service of the writ of garnishment on Wilson in the Harris County suit, had made an "equitable assignment" of his claim against Wilson to James Poland.

P. Poland testified:

"I transferred my claim to my father and got more for it than it was worth so far. I transferred this claim to my father in writing and prior to the time that I transferred it to him in writing, I transferred it to him by word of mouth. The first time I made a promise to my father, or an agreement with my father that he could have the claim when it was paid was along about the first of the threshing and it was to pay him money I owed him. I was to pay him out of money for this threshing."

James Poland testified:

"Pat Poland is my son. Prior to September, 1927, I advanced some funds to my son, Pat Poland. He told me to let him have some money and he would pay it back when he got through threshing. He owes me something over $600.00. I didn't advance it all at one time. Last fall, a year ago, was when I let him the first money. After he bought this separator and machine—he had some money and he paid what money he had on the machine and give two notes for the balance, so that fall, he didn't make much money threshing and he come to me and said: 'I want to get more money from you because I want to pay what I got on my note and keep my separator.' 'All right,' I said, 'I will let you have more money and try to get along some way.' I let him have it off and on and last fall, after he got done threshing, he come and said he could not get the threshing money and some party he had working for him was in hard circumstances and he was working for him and he wanted to get enough money to pay him and I let him have it to pay him."

David E. O'Fiel testified:

"I attempted to have Mr. Wilson, the defendant, execute to us a written assignment of the amounts which the American Rice Growers Association should realize from the sale of this rice and to this end prepared an assignment in writing for him to sign and hand to Mr. Boyt. The plaintiff, Mr. Pat Poland at the time that I prepared these writings and sent to Mr. Wilson, advised me to assign this money, except my fees, to his father, and when I collected it to pay it to him. At the time this suit was filed, I prepared an assignment in writing."

To raise the issue of equitable assignment, James Poland rested under the burden of showing (a) that his son had made to him for his use an absolute appropriation of the Wilson claim; (b) that the assignment was of the whole of the claim or of a specific sum or fixed percentage thereof; and (c) that his son had parted with all control over the claim. The evidence of the Polands raised none of these issues. There was no absolute appropriation, no fixed sum or percentage was designated, nor did P. Poland part with control of the claim, but continued trying to collect it, hired an attorney for that purpose, and had suit instituted thereon in his own name, wherein he asserted ownership in himself. Nor did the testimony of O'Fiel strengthen the case. The instructions testified to by him to assign the claim to James Poland and pay him the proceeds were very indefinite in their nature, and it was not shown whether the instructions were given before or after the service of the writ of garnishment, nor did these instructions constitute an absolute appropriation of the claim to the use of James Poland, who knew nothing of the instructions when given, nor ever knew

that they had been given, nor ever acted in any way thereon. In fact. as already stated, P. Poland never relinquished his control over the claim, but, whatever was the nature of the instructions given to his attorney, withdrew them before they were ever acted upon, as he had a right to do, and asserted ownership in himself. The utmost legal effect of all the testimony was to raise an issue that P. Poland promised to pay his debt to his father out of the profits of his rice threshing, and "a mere promise, though of the clearest and most solemn kind, to pay a debt out of a particular fund, is not an assignment of the fund, even in equity. To make an equitable assignment, there should be such an actual or constructive appropriation of the subject-matter as to confer a complete and present right in the party meant to be provided for, even where the circumstances do not admit of its immediate exercise." If the holder of the fund retain control over it, it is fatal to the claim of the assignee.

Discussing the issue of equitable assignment in Southern Surety Co. v. Bering Mfg. Co. (Tex. Civ. App.) 295 S. W. 337, Judge Pleasants quoted with approval the foregoing proposition from Christmas v. Russell, 14 Wall. 69, 20 L. Ed. 762. To the same effect was the holding of this court in Colleps v. Lumber Co., 185 S. W. 1043.

It follows that the judgment of the trial court in favor of James Poland against L. Wilson must be reversed and judgment here rendered in Wilson's favor that neither P. Poland nor James Poland recover anything against him, and that Wilson recover his costs.

Affirmed in part, and in part reversed and rendered.