## MEYER v. HACKETT.

### No. 10608.

Court of Civil Appeals of Texas. Dallas. May 23, 1930.

Rehearing Denied June 2, 1930.

Touchstone, Wight, Gormley & Price, of Dallas, for appellant.

Muse & Muse, of Dallas, for appellee.

VAUGHAN, J.

This is an appeal from a judgment rendered April 5, 1929, abating and dismissing appellant's suit on the ground that the cause of action set up in his second amended original petition was a new and different cause of action from that set up in his original and first amended petitions, and barred by the two and four year statutes of limitation at the time said second amended original petition was filed. On March 18, 1914, appellant filed his original petition, in which the following material allegations were made:

"That at all the times herein mentioned your plaintiff was engaged in the business of selling show cases and other merchandise for said defendant on a profit-sharing basis, to wit: two-thirds of all gross profits made by the said defendant on merchandise sold by this plaintiff was to be paid by said defendant to your plaintiff as compensation for his services in selling said merchandise; one-fifth of the selling price of all show cases sold by this plaintiff for said defendant was to be paid by said defendant to this plaintiff as compensation for his services in selling said show cases. That under and by virtue of said agreement and the services rendered by your plaintiff, the number of sales made by him, the gross profits made by the said defendant on sales made for him by your plaintiff, combined with one-fifth of the sales price of show cases sold for said defendant by this plaintiff, together with such other commissions as were agreed upon by your plaintiff and said defendant on other lines of merchandise handled by plaintiff for said defendant, together with over-charges on losses and omissions of proper credits on various accounts, amount, as your plaintiff is informed and verily believes, to a sum in excess of Twenty-Five Hundred Dollars; but this plaintiff is unable, at this time, to state positively an amount greater than Fifteen Hundred Dollars as due him from said defendant, and without prejudice to his right to recover more if upon the trial of this cause it should be made to appear that he is entitled to more, he alleges his debt at this time as the sum of Fifteen Hundred Dollars, which is past due and unpaid." From paragraph 2.

"That although his business dealings with said defendant have occupied a period of approximately four years, that he has never been able, from the inception of his said relations with defendant up to the time of filing this suit, to obtain from said defendant a statement of sales made by this plaintiff for said defendant together with the amounts due this plaintiff therefor * * * that the contract alluded to, at the time he entered the employ of said defendant, was oral, and that it was in substance as stated in paragraph two foregoing of this petition." From paragraph 3.

"That on the seventh day of July, A. D. 1913, he and the said defendant entered into a certain written agreement, which, in words and figures, was as follows, to wit:

"'The State of Illinois, County of Cook.

"'This agreement entered into by and between Hackett Brokerage Co. (Not. Inc.) and Paul G. Meyer, both of Chicago, Ill., witnesseth:

"'In view of the fact that Paul G. Meyer, is not in the employ any longer as salesman, and owing to the fact that said Meyer guarantees payment on various accounts, the said Hackett Brokerage Co. hereby agrees to make the following settlement with Paul G. Meyer.

"'The said Hackett Brokerage Co. hereby agrees to pay the said Paul G. Meyer $500.00 on this date, $500.00 on August 1, 1913, $500.00 on Sept. 1, 1913, $500.00 on Oct. 1, 1913, the said payments to be charged against commissions that may or that have already accumulated on Paul G. Meyer's account.

"'Owing to the fact that Paul G. Meyer takes the risk on Bunte's line and the show cases sold for Hackett Brokerage Co., it is hereby agreed that all the outstanding on both of these lines to be charged against Meyer's assets, and as said accounts are collected they are to be credited to Meyer's account, and when Meyer's assets amount to more than his liabilities on his account with Hackett Brokerage Co., the said Hackett Brokerage Co. hereby agrees to pay said Paul G. Meyer whatever amount is due him between Nov. 1st and 15th, 1913, and to make settlement with said Meyer each thirty days thereafter until the account is finally settled in full.'"

From paragraph 5.

On September 15, 1920, appellee filed his first amended original answer, containing a general and several special exceptions addressed to appellant's petition, which were heard and sustained on said date; whereupon, appellant filed his first amended original petition on September 28, 1920, in which he alleged that, from January 1, 1910, to July 7, 1913, he was in the service of appellee, under an oral contract, engaged in selling merchandise on commission. The basis of his cause of action, as alleged in said amendment, was specifically stated in paragraph 2 thereof, namely: "That on or about January 1, 1910, plaintiff and defendant entered into a contract whereby the plaintiff was to engage in the business of selling candy, show cases and other merchandise for the defendant on a profit sharing basis, to wit: two-thirds all gross profits made by the said defendant on said merchandise sold by this plaintiff for him, was to be paid by said defendant to the plaintiff as compensation for his services in selling said merchandise; that one-fifth of the selling price of all show cases sold by this plaintiff for said defendant, was to be paid by said defendant to this plaintiff as compensation for his services for selling said show cases; that all merchandise shipped into his territory by the defendant was to be treated as if sold by the plaintiff; that from time to time the rate of commission on part of said merchandise on some of the lines handled by the plaintiff for the account of defendant was changed, but that on the principal lines of goods handled by him the commission to be paid was as set out hereinabove; that the plaintiff continued in the employ of the defendant under such contract until the 7th day of July, 1913."

It was further alleged that appellant "verily believed" that appellee was due him an amount in excess of $2,500, but that he was unable to positively state an amount greater than $1,500, which appellant refused to pay, and to properly credit sales made within the period from January 1, 1910, to July 7, 1913, on account of which there accrued to him commissions aggregating amount alleged to be due him. It was further alleged that, appellant had guaranteed the payment of accounts created by sales made by him under said contract with appellee, and that charges were made against him on account of failure to collect accounts so created, as well as expenses incurred on account of such failure to collect. In this amendment, no reference was made to the written contract set out in appellant's original petition.

On March 7, 1921, appellee filed his second amended original answer, consisting of a general demurrer and special exceptions directed against appellant's first amended original petition, on the ground that said amendment set up a new and independent cause of action, barred by the two and four year statutes of limitation prior to the filing of said amendment. The status of the cause thus created remained unchanged until November 5, 1926, on which date appellant filed his second amended original petition, which, in all material respects, is identical with his first amended original petition, with the exception that there is included a bill of discovery calling on appellee to answer four interrogatories propounded, and praying for judgment in the sum of $2,500. To this last amendment appellee duly filed his first supplemental answer, presenting within its own terms exceptions to said second amendment and, in addition thereto, all exceptions in his second amended original answer. On these exceptions being sustained, the above judgment was entered. However, of the exceptions so sustained it is but reasonable, under the state of the pleadings, to assume that the trial court based its judgment upon appellee's fourth special exception, viz.: "The defendant further specially excepts to the plaintiff's said first amended original petition filed September 28, 1920, because it is wholly different and new cause of action from that set up in the original petition filed March 18, 1914, and is therefore barred by the statute of two years and of four years limitation, in that the said cause of action, if any, alleged in said amended petition accrued prior to the filing of the amended petition March 18, 1914, and more than two years and more than four years have elapsed since the same was alleged for the first time in the plaintiff's first original amended petition. That said new cause of action is shown in this; that the original petition contained contract averments as shown in subdivision (b) of defendant's special exception No. 2, above set out, which is here adopted and made a part of this exception, and that in the amended petition filed September 28, 1920, and plaintiff alleges in addition to the foregoing, the further contract that all merchandise shipped into the plaintiff's territory by the defendant was to be treated as if sold by the plaintiff, and that from time to time, the rate of commission to some of the lines handled was changed and that the contract was made on January 1, 1910, and continued until the 7th day of July 1913, all of which formed no part of plaintiff's cause of action in the original petition, nor does the plaintiff make any allegation in the amended petition basing his cause of action upon the agreement of date July 7, 1913, set up in defendant's original petition as his cause of action and the defendant's special exception No. 2 with the several sub-divisions thereto are here adopted as part hereof."

Appellant's assignments of error, in effect, present only one question, viz.: Did appel-

lant, by his first and second amended original petitions, respectively, declare upon a new and independent cause of action to that alleged by him in his original petition and, if so, was the new and independent cause of action so alleged barred by the statute of limitation of either two or four years, at the time of the filing of said amendments?

The following language of the contract of date July 7, 1913, supra, viz., "In view of the fact that Paul G. Meyer is not in the employ any longer as salesman, and owing to the fact that said Meyer guarantees payment on various accounts, the said Hackett Brokerage Company hereby agrees to make the following settlement with Paul G. Meyer," can only be given the meaning that the settlement made thereby between appellant and appellee included all of their previous transactions. The remaining language of said contract, in clear and comprehensive terms, stated the settlement to be made on commissions theretofore earned by appellant and unpaid, if any, and how future earned commissions under said contract should be paid, except the amount due appellant, if any, by way of commissions on July 7, 1913, and the amount of commissions appellant should receive on account of sales of merchandise made thereafter, were left in parol.

That appellant's cause of action, as alleged in his original petition, was based entirely upon said written contract, is clearly demonstrated by the following allegations in said petition: "That said defendant in no wise complied with said contract, except that he has paid this plaintiff the sum of Two Thousand Dollars, enumerated in installments of Five Hundred Dollars each in said contract, and has additionally thereto paid your plaintiff on the 14th day of November, 1913, Four Hundred Thirty-Six Dollars and twenty-two cents, and on the 15th day of December, 1913, Three Hundred Eighty-Two and 13/100 dollars; and that said sum of Twenty-Five Hundred Dollars hereinabove alleged as due your plaintiff is the amount due your plaintiff in excess of the four items of Five Hundred Dollars each, enumerated in said contract, and in excess additionally thereto of the two items of Four Hundred Thirty-Six Dollars and twenty-two cents, and Three Hundred Eighty-Two Dollars and thirteen cents; your plaintiff says that said defendant has not complied with said agreement and has failed and refused to pay him the balance due him." All counts of said petition being construed so as to coordinate their terms through and by which the cause of action in fact alleged should be ascertained, we have reached the conclusion that the allegations contained in the second and third counts of said petition were only by way of inducement to the cause of action in fact alleged in count 5 of said petition.

Bouv. Law Dict. (Rawle's 3d Ed.) vol. 1, p. 436.

The contract declared upon in paragraph 2 of appellant's first amended original petition filed September 28, 1920, was oral, and in substance as stated in said paragraph, and of date January 1, 1910, and the services performed thereunder by appellant ended on July 17, 1913, on which date the relations created by said contract ceased to exist and appellant's cause of action accrued. Therefore, at the date this amendment was filed, which declared upon and alleged the breach of another and different contract from that declared upon in appellant's original petition, the cause of action then alleged was barred by the two and four year statutes of limitation.

■ Appellant's second amended original petition, filed November 5, 1926, was but a substantial reproduction of the allegations contained in his first amended original petition based upon the same oral contract alleged in said first amendment, the material difference in said petitions being the count presenting grounds for a bill of discovery, in that, appellant was called upon to answer four interrogatories, propounded to him for the purpose of disclosing to appellant facts alleged to rest peculiarly within the knowledge of appellee as to the transactions had between appellant and appellee during the period of time from January 1, 1910, to July 7, 1913, as to sales made by appellant under said oral contract, and as to all amounts collected on accounts past due or unpaid that had been charged to the account of appellant during the period of time from January 1, 1910, to the date appellee should make answer to said interrogatories. Said bill of discovery was only ancillary to the cause of action based on said oral contract, and its presence in the litigation depended upon the maintenance of appellant's suit based upon said contract. Therefore, if the judgment of the court abating and dismissing appellant's suit was properly entered, the failure or refusal of appellee to answer the interrogatories could be of no avail to appellant.

■ After a very careful review of the petitions filed by appellant, we have reached the conclusion that the judgment of the trial court was properly entered. The facts alleged in each amendment filed after the statutes of limitation had run, were not the same as those alleged in appellant's original petition, but constituted a new and independent cause of action to that alleged in his original petition. Phoenix Lbr. Co. v. Houston Water Co., 94 Tex. 456, 61 S. W. 707; Morton Salt Co. v. Keele (Tex. Civ. App.) 293 S. W. 224; McLane v. Belvin et al., 47 Tex. 493; Baker v. Gulf, C. & S. F. Ry. Co.

**524**

(Tex. Civ. App.) 184 S. W. 257; Whalen v. Gordon (C. C. A.) 95 F. 305.

Although no question is raised on this appeal to the action of the court based on appellee's exceptions on the ground that the proper method of abating a suit, because of a new cause of action barred by the statutes of limitation, being by a plea in abatement, was not invoked, nevertheless, to prevent confusion, we feel called upon to review same. The pleadings filed and proceedings had in the instant case, as shown by the record before us, brings it under the following rule, viz.: Where a new cause of action barred under the statutes of limitation is presented by amended petition and challenged on that ground through exception addressed for the purpose of having same abated and dismissed because of the bar of the statutes of limitation, and such exception is treated by the court as a plea in abatement, and evidence is heard consisting of the original and amended petitions in determining such issue of new cause of action and bar of limitation, and the judgment of the court abating the suit is supported by such petitions, such exceptions on appeal will be regarded as a plea in abatement, especially where no objection was made or exception thereto reserved by appellant. Arbaugh v. Robinson et al. (Tex. Civ. App.) 286 S. W. 339; Wilson et al. v. Poland (Tex. Civ. App.) 14 S.W. (2d) 890; Wende v. Goza et al. (Tex. Civ. App.) 25 S.W.(2d) 184.

The judgment of the court below is affirmed.

Affirmed