## ROCHMILL v. VARNER et al.
### No. 13140.

Court of Civil Appeals of Texas. Fort Worth.

March 29, 1935.

Slay & Simon and Richard U. Simon, all of Fort Worth, for appellant.

Elton M. Hyder, of Fort Worth, for appellees.

BROWN, Justice.

Appellee Pearl (Varner) Blauser brought suit in the district court of Tarrant county against Henry Rochmill and two other persons on a promissory note executed by them, payable "to the order of Pearl Varner," and in her original petition she designated herself as "Pearl Varner, a feme sole."

To such pleading appellant urged a general demurrer, a special exception to the allegations of the petition seeking to show a lien upon certain oil well casing, a general denial, and specially pleaded that the note sued upon was executed for a loan made by the payee to appellant and others, for the borrowers to use in purchasing oil well casing, and that appellant transferred to the plaintiff an interest in the oil well, then being drilled, in payment of the loan, and "that plaintiff ran the risk of not being paid by reason of taking this interest in the oil well."

He further alleged that the execution of the note sued upon, being given in addition to the interest in the well, rendered the entire transaction usurious, and alleged:

"Defendant would show that by reason of the foregoing there was no consideration for the execution of the note and plaintiff is not entitled to collect same at this time."

He further alleged that by reason of the nature of the transaction, as outlined, the plaintiff has waived all right to sue upon the note, and had, in lieu of such right, agreed to look to the interest in the oil well in satisfaction of the debt.

No portion of this answer is verified.

As "Pearl Varner, a feme sole," appellee, plaintiff below, urged a general demurrer against appellant's pleading, and a special exception, because the allegations touching usury and a failure of consideration are not verified, as well as a general denial. She designated such pleading as "Plaintiff's First Supplemental Petition."

On the day this cause was tried there was filed by "Pearl Varner" and her husband, C. H. Blauser, the following pleading, designated as their "First Amended Supplemental Petition":

"Now come Pearl Varner, being one and the same person as Pearl Varner Blauser, and her husband, C. H. Blauser, both residents of Parkersburg, West Virginia, and leave of the court being first had and obtained, hereby file this their first amended supplemental petition in lieu of their original supplemental petition filed herein on the 21st day of November, 1933, and state to the court:

"That said C. H. Blauser hereby adopts in full all the allegations of all the pleadings heretofore or hereafter filed by his wife Pearl Blauser and states that all of said note is her separate property.

"Plaintiff Pearl Blauser further states that the said note is the separate property of herself and that she purchased same prior to her marriage to the said C. H. Blauser and that he has no interest therein."

Appellant, answering this pleading, urged: (1) A general demurrer; (2) a special exception, alleging that the pleading is not in answer to any matter set out in the defendants' original answer, that it "does not serve in the office of a supplemental petition, but on the contrary seeks to set up an entirely different cause of action by different parties. than in the plaintiff's original petition, and said supplemental petition could not in any

way be the basis for any judgment in this cause and the same is wholly improper and insufficient"; (3) a general denial; and (4) that the note sued upon is not the separate property of Pearl Varner, but is the community property of C. H. Blauser and wife.

The cause was tried to a jury, and at the close of the introduction of evidence the trial court gave a peremptory instruction to find in favor of appellees, Pearl V. Blauser and C. H. Blauser, against appellant Henry Rochmill and W. F. Sneibold, for the principal, interest, and attorney's fees. After receiving such verdict, the trial court overruled appellant's motion to render judgment for him, notwithstanding the verdict, and rendered judgment for appellees against appellant and Sneibold, for the principal sum, interest and attorney's fees provided for in the note.

Having appealed from the judgment rendered against him, appellant presents one proposition in his brief, as follows: "Where Pearl Varner purporting to be a feme sole, instituted this suit against Henry Rochmill, appellant, and others, based on a promissory note, and where said Pearl Varner, at the time of the filing of the suit was the wife of C. H. Blauser, and where thereafter, for the purpose of remedying the fatally defective cause of action filed by Pearl Varner, a married woman, another pleading called a Supplemental Petition was filed in the name of Pearl Varner and her husband, C. H. Blauser, which said pleading did not contain the formal requisites of a petition and which said pleading did not contain any statement of any facts making out a cause of action, and which said pleading did not contain any prayer for relief either directly or indirectly by C. H. Blauser, said pleading was not in truth a supplemental petition and was subject to exception therefor, and said pleading was wholly inadequate to serve as an amended petition upon which a verdict and judgment could be based, and said petition could not in any manner support any kind of recovery in favor of C. H. Blauser."

Upon the trial of the cause, appellant made no effort to establish any defense to the suit against him and his associates on the note. He admitted that he intended to give appellee Pearl Varner Blauser a lien on the 850 feet of 8¼-inch casing to secure the payment of the note, and intended to apply the proceeds of the casing, when sold, to the discharge of the debt, but that instead he applied the proceeds to other debts.

The appeal is pitched solely upon the idea that the pleadings, presented by appellees, are not sufficient to support the judgment.

No action appears to have been taken by the trial court upon any demurrer or special exception found in the pleading of any party to this cause.

It is obvious that the parties have waived presentation to, and action thereupon by, the trial court.

■ Under the broad view taken by the appellate courts of Texas, the effect and office of a pleading will not be determined by the manner in which the pleader "styles" it, but rather "by the content and evident purpose for which it is offered." Tex. Jur. vol. 33, par. 99, and cases cited.

■ No effort was made by appellant to plead coverture of Mrs. Blauser. Nor was any effort made to show any failure upon the part of either a necessary or proper party plaintiff to bring this suit.

Mrs. Blauser could have proceeded with her cause, and during the trial, had she been so disposed, could have testified to facts giving her the right to proceed without the joinder of her husband, if such facts existed, and the trial court could and would have entered an order permitting her to so proceed.

In the case of Wilson v. Poland, 14 S.W. (2d) 890, 891, appellees had designated their pleading as "Plaintiffs' First Supplemental Petition," and the Court of Civil Appeals for the Ninth Supreme Judicial District held that it was in truth an intervention. In disposing of the attack made upon the judgment, rendered under such a pleading, the court said: "Appellants say that judgment for appellees was fundamentally erroneous, on the ground that they came into court and pleaded their cause by a supplemental petition. It is true that they designated their pleading 'Plaintiffs' First Supplemental Petition,' but against a demurrer or assignment of fundamental error a plea should be construed by its essential nature, and not by the name given to it by the pleader."

Blauser may have "changed his mind" and may have decided to join his wife in the suit. Whatever moved him to do as was done, we find him actually intervening in the suit and disclaiming all right to the proceeds of the note.

The note was payable to "Pearl Varner." The name is not essential, either as a party plaintiff, or as a party defendant, but to have

the proper person before the court is essential.

If Mrs. Blauser desired to substitute her then married name for the name in which she is designated as payee in the note, we know of no reason why she should not be permitted to do so in the manner in which it was done.

The judgment was upon the note; the execution of which and the justness of the indebtedness evidenced thereby, being admitted by appellant. The judgment is rendered for Pearl Blauser and C. H. Blauser, jointly, and appellant has been fully protected against any claim that might be urged at any time by either Pearl Blauser or C. H. Blauser, on the note that brings before us the debt and demand which it evidences.

Finding no error in the record, the judgment of the trial court is affirmed.