**MORTON SALT CO. v. KEELE. (No. 9835.)\***

Court of Civil Appeals of Texas. Dallas. March 5, 1927.

Rehearing Denied April 2, 1927.

1. Pleading  ⬤➡180(1)—Change in prayer for relief sought does not constitute "departure" in pleading.

Change or amplification of a prayer, or a prayer for alternative relief, will not constitute a departure in pleading.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Departure.]

2. Damages  ⬤➡141—Plaintiff need not plead any measure of damages.

It is not necessary for plaintiff to plead any measure of damages, since, when cause of action, as alleged, is supported by evidence, it becomes duty of court as matter of law to apply proper measure.

---

⬤➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Application for writ of error dismissed 294 S. W. 1107.

(293 S.W.)

**3. Limitation of actions ⇐⇒127(2)—Where cause of action set up in amendments filed after limitations had run was not departure from original petition filed before statute had run, cause was not barred.**

Where facts alleged in each amendment filed after statute of limitations had run were same as those alleged in original petition filed before statute had run so that there was no departure, plaintiff's cause was not barred by statute of limitations.

**4. Evidence ⇐⇒219(3)—In action for damages to plaintiff's land, plaintiff's tenant's testimony that defendant paid her damages for injury to her crops held admissible.**

In action for damages for injuries to plaintiff's land and hay caused by overflow of salt water, plaintiff's tenant's testimony to effect that defendant paid her damages for injuries to her crops, that resulted from same overflow, while not of itself evidence of an admission of liability on defendant's part, yet, unexplained, had that tendency, and was therefore admissible.

**5. Waters and water courses ⇐⇒77—Evidence held to raise issue of liability for damages to land and hay by overflow of salt water from reservoir.**

In suit for damages to land and hay caused by overflow of salt water from reservoir belonging to defendant, evidence *held* to raise issue as to defendant's liability for damages resulting.

Appeal from District Court, Van Zandt County; Joel R. Bond, Judge.

Action by R. D Keele against the Morton Salt Company. From a judgment for plaintiff, defendant appeals. Affirmed.

S. W. Marshall, of Dallas, and J. S. Terry, of Terrell, for appellant.

Wynne & Wynne, of Wills Point, for appellee.

LOONEY, J. R. D. Keele sued Morton Salt Company, a corporation, for damages for injury to land and hay caused by an overflow of salt water from a reservoir belonging to appellant. A jury found that salt water from appellant's plant flooded plaintiff's land, damaging the same in the sum of $1,800, and also destroyed meadow hay growing thereon of the value of $45, for which the judgment appealed from was rendered.

These findings were in our opinion authorized by the evidence, and are adopted as our conclusions on these issues.

1. Under several appropriate assignments appellant contends that plaintiff's cause of action was barred by two years' limitation. This insistence is based on the idea that, in his first amendment to the original petition, plaintiff abandoned the cause of action originally alleged, and that the cause of action set up in his third amendment, on which the par-

ties went to trial, was barred by two years' limitation.

Plaintiff filed three amendments to his original petition, and each was filed more than two years after the accrual of the alleged cause of action; hence, if the cause of action set up in the first amended petition was a departure from that set up in the original petition, the assignments now under consideration should be sustained.

The case presented in the original petition was in substance that the defendant had constructed a large surface lake or reservoir in which it impounded waste brine and chemical solutions from its plant, which it negligently permitted to escape and overflow a tract of 158 acres of land belonging to the plaintiff, killing and destroying all vegetation, the timber, growing cotton, corn, grass, and impairing the fertility of the soil.

The facts alleged in each amendment described essentially the same cause of action as that alleged in the original petition. The same evidence would have supported either pleading and a recovery upon the original petition would have constituted a bar to a recovery upon either amendment, and vice versa. Phœnix Lumber Co. v. Houston Water Co., 94 Tex. 456, 61 S. W. 707.

[1] It is of no consequence that the relief sought in the several pleadings varied somewhat, for it is well settled in this state that a change or amplification of a prayer, or a prayer for alternative relief, will not constitute a departure in pleading. Porterfield v. Taylor, 60 Tex. 264; Raleigh v. Cook, 60 Tex. 438, 442; International & G. N. R. Co. v. Pape, 73 Tex. 501, 11 S. W. 526; Pope v. Kansas City, M. & O. R. Co., 109 Tex. 311, 207 S. W. 514; Bird v. Ft. W. & R. G. R. Co., 109 Tex. 323, 207 S. W. 518.

[2, 3] It was not necessary for plaintiff to have pleaded any measure of damages. The rule is that, when the cause of action as alleged is supported by evidence, it becomes the duty of the court, as a matter of law, to apply the proper measure. St. L. S. W. Ry. Co. of Texas v. Jenkins (Tex. Civ. App.) 89 S. W. 1107; Ara v. Rutland (Tex. Civ. App.) 172 S. W. 993, 994; Black v. Nabarrette (Tex. Civ. App.) 281 S. W. 1087, 1089. We fail to find in the cause of action set up in either amendment a departure from that set up in the original petition, and therefore overrule appellant's contention that plaintiff's cause was barred by limitation.

[4] Appellant assigns error on the action of the court in refusing to exclude the testimony of Mrs. Lou Ballard, a tenant on the farm of plaintiff at the time of the overflow, to the effect that appellant paid her damages for injury to crops that resulted from the same overflow.

Mrs. Ballard, having testified that the overflow in question killed her crops, was permit-

ted to testify, over objection of appellant, that she had been settled with and paid damages for the injury.

The bill of exception is incomplete in that it is not disclosed with whom Mrs. Ballard made the settlement or who paid her damages. This is left to conjecture. However, assuming that she was permitted to testify that appellant paid her damages for an injury caused by the same overflow, we find no error in the ruling.

While the settlement under the circumstances was not of itself an admission of liability on the part of appellant, yet, unexplained, as it was in this case, it had that tendency; therefore the testimony in our opinion was admissible. Galveston, H. & S. A. R. Co. v. Hertzig, 3 Tex. Civ. App. 296, 22 S. W. 1013; Missouri, K. & T. R. Co. v. Kellerman, 39 Tex. Civ. App. 274, 87 S. W. 401; Texas & N. O. R. Co. v. Commercial Union, etc. (Tex. Civ. App.) 137 S. W. 401; St. Louis, S. F. & T. R. Co. v. Thomas (Tex. Civ. App.) 167 S. W. 784.

[5] Appellant insists further that the evidence was not sufficient to raise an issue as to its liability, in that plaintiff failed to make any proof as to the construction of the reservoir, its size, capacity, the height, width, or length of the dam, or as to the quantity of salt solution liberated at the time of the overflow, or as to its strength, after being mixed with the overflow waters of Saline creek. On these points, the evidence showed with reasonable certainty that appellant built the reservoir in question for the purpose of impounding salt water; that brine was pumped from the ground into vats and the overflow from the vats was impounded in this reservoir. Soon after the overflow a gap was found washed out of the east side of the reservoir, from which water escaping flowed into Saline creek and down to and over about 100 acres of plaintiff's land. Before the overflow there was growing on this land timber, native and Bermuda grass, and cultivated crops. After the overflow a deposit of salt was found on the land, at least 60 per cent. of the growing timber was dead or dying, grass roots had been killed, hay and cultivated crops destroyed, water in the creek used for stock was salty and unfit for use, and at the time of the trial, more than 2½ years after the overflow, the land was in a condition of sterility.

This evidence was in our opinion sufficient to show, prima facie at least, appellant's liability, and, in the absence of any rebutting evidence, authorized the verdict of the jury and the judgment of the court.

After carefully considering appellant's assignments and propositions, we find no reason to reverse the judgment of the trial court, and accordingly the same is affirmed.

Affirmed.