## MATHIS et al. v. WHERRY.

### No. 2144.

Court of Civil Appeals of Texas. Beaumont.

Jan. 21, 1932.

Howth, Adams & Hart, T. N. Hill, and Elton Cruse, all of Beaumont, for appellants.

C. A. Lord, of Beaumont, for appellee.

O'QUINN, J.

W. T. Wherry brought this suit in the district court of Jefferson county against Henry Mathis and H. M. Higgins to recover the sum of $1,200 as rent on a drilling rig alleged to have been rented by him to said defendants, and $500 as costs and expenses for removing or returning said drilling rig from at or near Rockland, Jasper county, Tex., to Spindletop oil fields near Beaumont, in Jefferson county, Tex., alleging that in his rental contract with said defendants they obligated themselves to return said drilling rig to said oil field, and, for the sum of $250 alleged to have been by him incurred in legal proceedings in repossessing said drilling rig from officers of said Jasper county who had seized same under legal procedure and were proceeding to sell same as the property of said defendants. He alleged he was damaged altogether in the sum of $2,000, for which he prayed judgment.

The defendants answered by general demurrer, general denial, and specially denied that they, or either of them, ever had any contract with plaintiff as by him alleged, and further specially answered and alleged that the Tar Wells Oil Company, a corporation chartered under the laws of the state of Texas, rented said drilling rig from plaintiff, and not the defendants, and that any promise or contract made with plaintiff relative to said drilling rig, by said defendants, or either of them, was for and in behalf of said Tar Wells Oil Company, and any such promise or contract, if by them made, was not in writing, and as to the defendants was not enforceable and was void because against the statute of frauds. Defendants further answered that such damages, if any, other than the rental due and the reasonable cost of returning said rig from Rockland to Spindletop plaintiff may have sustained, were due to the fault of plaintiff, in that he failed to exercise reasonable diligence to minimize such damages, wherefore he was not entitled to recover same.

They further answered, denying that plaintiff was entitled to any recovery against them personally, for in that they, nor either of them, had not at any time personally contracted, either orally or in writing, with plaintiff relative to said drilling rig, nor had plaintiff at any time at the instance or request of defendants rendered any service for them or done any act for or on account of them or either of them.

The case was submitted to a jury upon the following special issues:

"Special Issue No. 1. At the time the defendants rented the drilling rig in question

from the plaintiff, who were they acting for, themselves or the Tar Wells Oil Company?" The jury answered: "For themselves."

"Special Issue No. 2. If you answer Special Issue No. 1 'Tar Wells Oil Company', and only in that event, then answer this question:

"Did the defendants, at the time they rented the drilling rig from the plaintiff, inform the plaintiff that they were acting for the Tar Wells Oil Company in renting the rig?" No answer.

"Special Issue No. 3. How long after October 20, 1928, was the drilling rig in question retained by the defendants before the plaintiff was informed that they would not want to use the drilling rig any longer?" The jury answered: "Four months."

"Special Issue No. 4. What do you find would have been the reasonable cost of removing the drilling rig in question from Rockland, in Jasper County, to Spindletop, in Jefferson County?" The jury answered: "$400.00."

"Special Issue No. 5. What sum of money should the plaintiff recover, if any, as his damages for recovering the drilling rig in question and regaining possession thereof, and procuring its release from the effects of the legal proceedings in Jasper County?"

"In answering the last above question you may take into consideration the inconvenience and trouble of the plaintiff in executing any bond, and the reasonable expense of any legal proceedings in that connection, and the reasonable expense for attorneys' fees in such legal proceedings, but in no event can you find for the plaintiff more than the sum of $250.-00." The jury answered: "$250.00."

On the answers of the jury, judgment was entered in favor of appellee, Wherry, jointly and severally, against Henry Mathis and H. M. Higgins for the sum of $1,850. Motion for a new trial was overruled, and defendants have appealed.

The first assignment asserts that the finding of the jury in answer to special issue No. 1 is against the overwhelming preponderance of the evidence, and is without reasonable support in the evidence, by reason of which the judgment should be reversed. The assignment is overruled. We think there is sufficient evidence in the record to support the finding.

■ The second assignment complains that the court erred in refusing to give to the jury their requested special charge No. 2, which reads: "You are instructed that neither the stockholders nor the agents of a duly incorporated company are responsible for the debts or contracts of such corporation."

The refusal of the charge was not error. Appellee's suit was not against the corporation, nor against appellants as stockholders or agents of a corporation, but against appellants as individuals. The issue was as to whether they contracted for themselves or for the corporation, as submitted in special issue No. 1.

■ The third assignment shows no error. The refusal of the court to permit appellants to prove offer of compromise settlement on the part of appellee was proper. 22 C. J. § 347, p. 308.

Assignments Nos. 4, 5, 6, and 7 all assail, as not proper, the submission of special issue No. 4 relative to the cost of removing the drilling rig from Rockland, in Jasper county, to Spindletop, in Jefferson county. In this connection appellee pleaded: "Plaintiff further alleges that the defendants left the said drilling rig on its location at or near Rockland, in Jasper County, Texas, at a remote and inaccessible place, and wholly failed to comply with their agreement to return the same to the Spindletop oil fields, so that the plaintiff has been obliged to remove the said drilling rig from said location at his own cost and expense, and a just and reasonable price and value for such removal is the sum of $500.00, which the defendants are justly due the plaintiff on said account."

■ The main contention of appellants is that there was no evidence to show that appellee suffered any damage by reason of their failure to remove the drilling rig from Rockland to Spindletop. We think this contention is correct. While it is admitted by appellants that they contracted to return the drilling rig to Spindletop, and that they failed to do so for lack of funds, still it is without dispute that appellee did not return the rig to Spindletop, but, after taking possession of same at Rockland, he re-leased it to other parties, who removed it from Rockland to Liberty, there to be used in drilling for oil. The record is without evidence to show that appellee spent any sum whatever to have said rig removed from Rockland or returned to Spindletop. Under appellee's pleading, set out supra, the measure of his damage, if any amount, caused by appellants' failure to carry out their contract to return the rig to Spindletop, was what it reasonably cost him to return same, not what it would have reasonably cost to have had it returned, when in fact it was not returned by any one. Davis v. Standard Rice Co. (Tex. Civ. App.) 293 S. W. 593, 597 (writ dismissed). In the cited case Judge Pleasants says: "The only rule for the measure of actual damages applicable in all cases is that a plaintiff is entitled to recover the amount his pleading and evidence show he has lost by the wrong of the defendant."

In order to recover damages, a claimant must show loss suffered by him which he would not have suffered but for the wrongful act or omission of the defendant. Girard v. Moore, 86 Tex. 675, 26 S. W. 945. Actual

damages must flow from the wrongful breach of a contract before they can be assessed against the offender, as compensation for the alleged wrong. Irwin v. Cook, 24 Tex. 244.

Assignments Nos. 8, 9, 10, 11, and 12 complain, for various reasons, that the court erred in submitting to the jury special issue No. 5, inquiring what amount, if any, should appellee recover from appellants as damages for recovering and regaining possession of the drilling rig at Rockland. As shown above, the court instructed the jury that in answering said issue they might take into consideration the inconvenience and trouble of appellee in executing any bond, and the reasonable expense of any legal proceedings in that connection, and the reasonable expense for attorneys' fees in such legal proceedings.

The record does not disclose what expenses, that is, any amount, were incurred by appellee. We do not find evidence in the record to support the jury's finding of $250. Moreover, as a general rule, the cost and expenses of litigation, other than the usual court costs, are not recoverable in an action for damages. 13 Tex. Jur. § 100, p. 196. Unless provided for by statute, or by contract between the parties, the attorneys' fees incurred by a party to litigation are not recoverable against his adversary, either in an action in tort or a suit upon a contract, except by way of punitive damages upon allegations of fraud, imposition, or malicious conduct. 13 Tex. Jur. § 101, p. 197; Houston Production Co. v. Taylor (Tex. Civ. App.) 33 S.W. (2d) 202 (writ refused).

From what we have said, it follows that the judgment in favor of appellee for $1,200 for rent, and $400 damages for failure to return the rig to Spindletop, and $250 as damages for costs of litigation and attorneys' fees, should be so reformed as to omit the two items of $400 and $250, and, as so reformed, should be affirmed, and it is so ordered.

Reformed and affirmed.