## JACOBS v. GASOW HOWARD MOTOR CO.
### No. 2315.

Court of Civil Appeals of Texas. Beaumont.
Dec. 22, 1932.

O. M. Lord and D. E. O'Fiel, both of Beaumont, for appellant.

C. E. Pool, of Beaumont, for appellee.

WALKER, C. J.

In the court below appellant, A. Jacobs, was plaintiff, and appellee, Gasow Howard Motor Company, was defendant. At the close of the evidence appellee moved for an instructed verdict. The following docket entry shows the ruling of the court on this motion: "10–19–31 Deft has leave to amend 10/19/31 both sides announce ready jury empaneled and sworn. Trial proceeds 10/21/31 both sides close. Defendant presents motion for instructed verdict at close of argument on said motion and not in presence of jury. Trial judge said the motion for instructed verdict is granted bring in the jury. Plaintiff's counsel moved a non suit. Court refused a non suit, on ground that it came after he had announced his decision on motion for instructed verdict, though he had not entered said decision on the docket; to which plaintiff excepts. Instructed verdict given to which plaintiff excepts." Appellant's request for a nonsuit was refused, the instructed verdict given, and judgment entered accordingly.

Appellant's only assignment complains of the court's refusal to grant his nonsuit. This assignment is overruled. In Texas Electric Ry. v. Cox, 49 S.W.(2d) 725, the Commission of Appeals said: "Where the defendant moves for a peremptory instruction, the plaintiff's right to a nonsuit is controlled by that portion of the statute applicable to cases tried before the court without the intervention of a jury." Article 2182, R. S. 1925, expressly provides: "When the case is tried by the judge, such non-suit may be taken at any time before the decision is announced." Where the court, trying the case without a jury, announces his judgment, it is too late to ask for a nonsuit. This is the direct holding of the court in the case cited. See, also, Adams v. Railway Co. (Tex. Civ. App.) 137 S. W. 437; Wood v. Moers (Tex. Civ. App.) 289 S. W. 1017.

Affirmed.