**GULF, C. & S. F. RY. CO. v. HITT et al.**
**No. 7836.**

Court of Civil Appeals of Texas. Austin.
May 10, 1933.

Rehearing Denied June 7, 1933.

Terry, Cavin & Mills, of Galveston, Harris, Harris & Sedberry, of San Angelo, and Wren, Pearson & Jeffrey, of Fort Worth, for appellant.

Kerr & Gayer, of San Angelo, for appellees.

BAUGH, Justice.

Appeal is from a judgment of the district court of Tom Green county in favor of appellees against appellant for $3,000 for personal injuries sustained by Mrs. D. S. Hitt. The uncontroverted evidence, together with that viewed most favorably in support of the jury's answers to special issues, and as sustaining the charges of negligence of appellant, shows substantially the following:

Mrs. Hitt resided at Big Lake in Reagan county, Tex. She was operated on at Scott & White Sanitarium in Temple, Tex., on February 6, 1931, for appendicitis and to suspend a fallen womb. She left the hospital on February 23d, in an emaciated and weakened condition, went to appellant's depot at Temple, where her husband purchased tickets to San Angelo for passage on the 5:45 p. m. train, which was due to arrive at San Angelo about 1 a. m. that night. Through the negligence of the train crew, they were placed on the train bound for Fort Worth, which fact was not discovered by them until after that train had left Temple. Acting upon the advice and suggestion of the conductor in charge, she and her husband and small son left said train at Moody, a station north of Temple, where they waited for the next south-bound train to return them to Temple. It was a cold, misty night, and had been raining, and the station at Moody was cold. She remained some thirty or forty minutes in the station at Moody, until the agent there had completed his work, when he took her, her husband, and son to a private residence. She was suffering from cold when she reached such residence. There she remained

in bed until shortly after midnight, when she was taken back to the depot and boarded the south-bound train to Temple. While walking from the depot to the train entrance at Moody about 1 a. m. she experienced a painful, tearing sensation in the vicinity of her wound and suspended uterus. She arrived at Temple about 2 a. m., and then took a Pullman from there to San Angelo, where she arrived about 1 p. m. and was driven in an automobile that afternoon on to Big Lake.

The negligence alleged and found by the jury was in putting her on the wrong train at Temple; in the conductor's suggestion and advice that she wait at Moody for the south-bound train with full knowledge of her condition, of the inclement weather, and of the cold depot waiting room there, which latter fact was known to the conductor, but not known to her; and, in effect, in not properly heating its depot at Moody.

Appellant's first contention is that there was no testimony showing, or tending to show, that appellant's negligence was the proximate cause of Mrs. Hitt sustaining a fallen womb, that this was the only injury shown, and that a verdict should therefore have been directed in favor of the railway company. And, second, that, because there was no evidence that such fallen womb was the result of appellant's negligence, it was error for the trial court to refuse to instruct the jury not to take into consideration this particular injury in arriving at the amount of her damages.

█ Appellant contends that at most the evidence merely shows that the injury, according to the testimony of Dr. Patterson, her local physician, could just as well have been caused by an unsuccessful operation or for no known reason at all; and, there being no testimony that the operation was successful, the plaintiff wholly failed to prove that the appellant's negligence either in putting her on the wrong train or in permitting its depot at Moody to become cold was a proximate cause of her womb displacement occurring which probably occurred at Moody. We do not sustain this contention. It is now well settled that to authorize a recovery for negligence it is just as essential to show that the negligence complained of is the proximate cause of the injury sustained as it is that the wrongdoer was guilty of the negligent acts charged. T. & P. Ry. Co. v. Bigham, 90 Tex. 223, 38 S. W. 162; G., H. & S. A. Ry. Co. v. Landeros (Tex. Civ. App.) 264 S. W. 524; F. W. & D. C. Ry. Co. v. Bell (Tex. Civ. App.) 14 S.W.(2d) 856, and cases there cited. Viewed in its most favorable light in support of the verdict, however, the evidence showed: That she had been out of bed at the hospital in Temple before boarding the train for about four days, had walked about, was recovering from the operation and feeling well; that appellant knew of her

weakened condition; that, when informed that she was on the wrong train, she became very nervous; that she had never been to Moody, and acted upon the conductor's advice and suggestion in getting off the train there; that the conductor got off the train at Moody before she did and knew of the condition of the depot; that, when she was taken to a private residence at Moody, her feet were very cold; that she was more nervous when she returned to the depot at Moody; and that her womb became misplaced as she was walking across the station platform at Moody to the train entrance; that she suffered continuously thereafter on the trip to San Angelo, was unable to sleep, and upon arrival at Big Lake remained in bed for three weeks.

Dr. Patterson, the only physician who testified, sent her to Temple for the operations performed, and who examined and treated her at Big Lake after her return, testified, substantially, that her womb had been suspended and had again fallen; that the tearing loose of the adhesions probably occurred when Mrs. Hitt felt the pain at Moody; that such injury did not indicate that the operation was not properly performed; that overexertion could cause the womb to fall; that nervous shock could make a short walk overexertion; that with a proper operation, a smooth passage from Temple to Big Lake, with care on the part of Mrs. Hitt, and with no mishap en route, Mrs. Hitt should have come home well. We think the foregoing testimony was clearly sufficient to sustain the jury finding that appellant's negligence proximately caused Mrs. Hitt's injuries. In the very nature of things, positive proof of definite facts clearly demonstrating causal connection between such negligence and the injuries complained of is frequently difficult, if not impossible, to obtain. But, if facts and circumstances are adduced from which a jury may reasonably infer a causal connection between the negligence charged and the injuries sustained, and they are such that the wrongdoer should have reasonably anticipated them, the verdict must stand. Having accepted Mrs. Hitt as a passenger with knowledge of her condition, appellant's duty to her was commensurate with her known physical condition. 8 Tex. Jur. § 545, p. 736, and authorities there cited. And it was its duty under the statute to have its depot at Moody heated at the time. Articles 6395, 6498, R. S. 1925; St. Louis S. W. Ry. Co. v. Lowe (Tex. Civ. App.) 97 S. W. 1087; 8 Tex. Jur., § 559, p. 759. Failure to do so was negligence as a matter of law. As to the quantum and character of proof required, see G., C. & S. F. Ry. Co. v. Hayter, 93 Tex. 239, 240, 54 S. W. 944, 47 L. R. A. 325, 77 Am. St. Rep. 856; Hill v. Kimball, 76 Tex. 210, 13 S. W. 59, 7 L. R. A. 618; T. P. & L. Co. v. Burger (Tex. Civ. App.) 166 S. W. 680; Bock v. Fellman D. G. Co. (Tex.

Com. App.) 212 S. W. 635; I. & G. N. Ry. Co. v. Finger (Tex. Civ. App.) 16 S.W.(2d) 132; T. & N. O. Ry. Co. v. Ewing (Tex. Civ. App.) 46 S.W.(2d) 398; 45 C. J. § 835, p. 1267; 17 Tex. Jur. § 409, p. 907.

It necessarily follows that, if appellant's first contention cannot be sustained, the second must likewise be overruled.

■ Appellant next contends that there was no evidence, admitting that the depot waiting room at Moody was cold, which would in any manner sustain the jury finding that the cold waiting room was a proximate cause of the injuries sustained. We do not concur in this contention. There was evidence to show that she waited in such cold depot room from thirty to forty minutes before the agent found a place for her to rest; that, when she reached such place—a private residence—her feet were very cold and a shawl or bathrobe was warmed and wrapped about them to make her comfortable; and that, when she returned to the train at Moody, she was more nervous than when she arrived at Moody. This evidence was sufficient, we think, to authorize the jury to infer that such wait at the station and its ill effects, added to her weakened condition, caused a greater strain upon her, and probably was a contributing cause towards bringing about the fallen uterus, which probably occurred while she was en route to the train to return to Temple.

■ The fourth proposition insists that there was no basis for the jury finding that it was negligence for the conductor to suggest that appellees get off the train at Moody and wait there for the next train back to Temple. We do not sustain this contention. It was the duty of the conductor to use due care in the premises in the light of Mrs. Hitt's condition and of the existing circumstances. The conductor suggested that they could go on to Fort Worth or Cleburne and take a Pullman back to Temple; but advised and recommended that they get off the train at Moody and wait there for the next train —a matter of six or seven hours' wait. Neither Mr. nor Mrs. Hitt had ever been to Moody and knew nothing about the conditions there. It is urged that the conductor did not know that the waiting room was unheated when he so advised the Hitts. He did, however, dismount and enter the depot there, and discover that condition, before the appellees left the train. Whether a given state of facts constitutes negligence is ordinarily a jury question. The evidence showed that appellees were uninformed of the conditions at Moody and the best manner of returning to Temple, relied upon the superior knowledge of the conductor, and followed his suggestion. He knew of Mrs. Hitt's condition, of the inclement weather, of the condition of the depot, and that Mrs. Hitt must

find lodging elsewhere, and return to catch the south-bound train after midnight; that such course would require exposure to the cold and rain, considerable exertion on her part, and that injurious consequences might reasonably result. He likewise knew that such exposure and strain could probably have been avoided had she remained on his train until it met the south-bound train and had then been transferred to a Pullman for a return to Temple. We think, therefore, that these facts and circumstances were sufficient to sustain the jury finding that such conductor's suggestion and advice, acted upon by appellees because of his superior knowledge of the premises, constituted negligence.

■ Appellant next urges as reversible error a question asked C. O. Harris, one of appellant's counsel, while testifying on behalf of appellant, which divulged to the jury that a settlement between the parties had been negotiated between counsel. The question was not answered, and at the request of appellant the jury were instructed to disregard entirely any statement of a proposed settlement. We do not deem it necessary to discuss this issue, for the reason that we have concluded that the case must be reversed on other grounds, and such error, if any, need not occur upon another trial. It is long since well settled that upon a trial the general rule is that prior negotiations for a compromise and settlement are not admissible in evidence over objection.

■ Appellant also complains of the charge as general wherein the trial court charged the jury as to who were passengers, and as to what constituted negligence in the carriage of passengers. No issue was made either in the pleadings or in the evidence as to the status of appellees as passengers; and no contention made that they were not. No occasion arose, therefore, for a definition of what constituted a passenger, and this portion of the charge was unnecessary. With respect to negligence, which was submitted to the jury, a proper definition was of course necessary. Generally applied, negligence is the failure to exercise ordinary care in the performance, or the failure to perform, some duty imposed. 45 C. J. 624, and a legion of cases there cited. And under the provisions of article 2189, R. S. 1925, the trial court should have defined the term "ordinary care" as applied to the duty of appellant in the transportation of passengers, as that duty has been frequently defined in the decisions. Radford Gro. Co. v. Andrews (Tex. Com. App.) 15 S.W.(2d) 218; Dallas Ry. & Ter. Co. v. Davis (Tex. Civ. App.) 26 S.W.(2d) 340. Such definitions together with a proper definition of proximate cause and contributory negligence were sufficient, under the statute. Radford Gro. Co. v. Andrews, supra.

■ Appellant's next contention must be sustained, and requires a reversal of the

case; that is, the conflicting findings of the jury. Special issue No. 3, submitted to the jury, was as follows: "Do you find from a preponderance of the evidence that the assistance (if any) by a member of the train crew in putting plaintiffs on the wrong train was negligence?"

This question the jury answered "Yes," and in answer to the next question found that such negligence was a proximate cause of the injuries sustained by Mrs. Hitt, "as alleged in her petition."

Special issue No. 10 read: "Do you find from a preponderance of the evidence that plaintiffs' acts in the boarding of the wrong train at Temple, Texas, were accomplished without negligence or want of care on the part of the railway employees?"

This question the jury also answered in the affirmative.

We think these two findings cannot be reconciled. While issue No. 3 referred to a member of the train crew, and issue No. 10 to the railway employees, there is no basis for a distinction between them either in the pleadings or in the evidence. All are referred to in plaintiff's pleadings as the "agents and employees of the defendant." The train crew were as much employees and the company as liable for their negligence as the ticket agent, train announcer, or any one else owing any duty to a passenger. The latter more comprehensive question necessarily included the train crew, and, if given effect, it exonerates the appellant of negligence in so far as boarding the wrong train is concerned. While it is our duty to reconcile findings of the jury, if that can reasonably be done, we think the above findings present a clear conflict, and necessitate a reversal. Texas Elec. Ry. Co. v. Burt (Tex. Civ. App.) 272 S. W. 255; Mayo v. Ft. W. & D. C. Ry. Co. (Tex. Civ. App.) 234 S. W. 937.

Appellee insists, however, that this conflict may be disregarded because the jury found the appellant negligent in having Mrs. Hitt disembark at Moody and in permitting its station there to be cold; and that this negligence was a proximate cause of her injuries. The injuries sustained, however, were alleged to have been caused by these cumulative acts of negligence, including the shock to her upon her discovery that she was on the wrong train. And, in assessing the amount of her damages, the jury was expressly instructed, in case they found appellant negligent in the respects charged, to take into consideration "the shock, if any, to her nervous system received when she was informed that she was on the wrong train. * * *" If the appellant was not guilty of negligence for her boarding the wrong train, it would not, of course, be liable for such damages as resulted from that particular cause. And, when the injuries in this particular are inseparably combined with those attributable to other acts of negligence for which appellant may be liable, and the jury assesses damages in the aggregate flowing from all such combined acts, it becomes manifest that their verdict is not severable and cannot be upheld. If all injuries to Mrs. Hitt could be attributable to the acts of negligence, as found by the jury, occurring at Moody, separate and apart from those alleged to have resulted from the negligence claimed to have occurred at Temple, a different question would be presented, and perhaps the verdict could be sustained under the rule announced in Schaff v. Wilson (Tex. Civ. App.) 269 S. W. 140, and cases there cited. But no such case is here presented. Manifestly the jury included in determining the extent of Mrs. Hitt's injuries the nervous shock suffered by her when informed that she was on the wrong train. Under their findings, it is impossible to determine whether or not appellant was liable for this element of damage. Consequently the verdict cannot be sustained.

For the reasons stated, the judgment of the trial court must be reversed, and the cause remanded for another trial.

Reversed and remanded.