sum of $2500 as attorney's fees in the two cases.

We have examined all other propositions presented by appellants and, finding them without merit, they will be in all things overruled.

The judgment in each case is affirmed.

SLATTON, J., did not participate in the decision of this case.

contains no bill of exception nor statement of facts. Appellant's assignments of error complain of the peremptory charge and of a ruling upon evidence. In the absence of a statement of facts it must be assumed the undisputed evidence warranted the peremptory charge; and, in the absence of a bill of exception covering the matter, this Court cannot consider the assignment complaining of the ruling upon evidence.

Affirmed.

## PINER v. STATE.
### No. 3725.

Court of Civil Appeals of Texas. El Paso.

July 14, 1938.

Floyd E. Ryan, of Greenville, for appellant.

L. D. Hartwell, County Attorney, of Greenville, for appellee.

HIGGINS, Justice.

This is a suit by the State of Texas against R. G. Piner, Jr., to enjoin the defendant from unlawfully practicing medicine. At the conclusion of the evidence an instructed verdict was returned in favor of the plaintiff and judgment rendered in accordance therewith. The record

## HALL v. MATTHEWS.
### No. 3698.

Court of Civil Appeals of Texas. El Paso.

June 2, 1938.

Rehearing Denied Aug. 12, 1938.

W. Van Sickle, of Alpine, for plaintiff in error.

E. B. O'Quinn, of Marfa, and Harry V. Fisher, of Alpine, for defendant in error.

NEALON, Chief Justice.

This is an appeal by way of writ of error from a judgment of the County Court of Brewster County sustaining a general demurrer to plaintiff's (appellant's) petition. Defendant's pleadings contained a general demurrer in the usual form and a pleading styled a plea in abatement, which was not filed in due order. The