### CHOATE et al. v. MURPHY.

No. 3380.

Court of Civil Appeals of Texas. Beaumont.

Feb. 2, 1939.

J. E. Whitmore and Ira Butler, both of Fort Worth, for appellants.

E. B. Lewis, of Center, for appellee.

O'QUINN, Justice.

Appellee filed this suit in the County Court of Shelby County, Texas, on December 11, 1937, against K. B. Choate, a Constable of Shelby County, Texas, and Tom Rogers, Supervisor and Inspector in Shelby County, Texas, for the Livestock Sanitary Commission of the State of Texas, to recover for certain damages alleged to have been suffered by him growing out of stock dipping acts done by appellants. After pleading conspiracy, want of authority on the part of appellants to take possession of his cattle for dipping, unlawful conversion by appellants of his said cattle, and malice, he alleged his cause of action as follows (paragraph 5 of his petition):

"V. The unlawful taking of said property of the plaintiff by the defendants, K. B. Choate and Tom Rogers, forced and compelled the plaintiff to institute his suit, in the Justice Court of Precinct No. 1 of Shelby County, Texas, for the title and possession of said property, and caused a writ of sequestration to issue, thereby causing the plaintiff to expend sums of money for attorneys fees to defend his property, and the cost and expenses of making several trips to Center from his home about six miles from Center. That the said defendants, K. B. Choate and Tom Rogers, after unlawfully taking into their possession the cattle above described, placed the same in a dry pen; that is one without proper food and water, causing the said animals to depreciate in value, because of the unlawful taking, handling, and transporting from their accustomed range to the place of confinement, by the defendants K. B. Choate and Tom Rogers, and that said cattle have been damaged in the sum of Ten ($10.00) Dollars per head, or a total injury to the said cattle of Twenty ($20.00) Dollars; that the plaintiff was required to expend in attorney's fees to recover his cattle so unlawfully taken, the sum of Twenty five ($25.00) Dollars, and that he lost time in making trips to Center, to the amount of Fifteen ($15.00) Dollars, and that the plaintiff has been damaged in actual sum of Sixty ($60.00) Dollars, and because of the unlawful entry and taking as above alleged, he has suffered and sustained exemplary damages in the sum of Five Hundred ($500.00) Dollars."

For all of which he prayed judgment.

Defendants, appellants here, answered by plea in abatement, plea in bar, general denial and special answer, all to the effect that by reason of a prior suit in Justice Court of Shelby County, the instant suit should be abated; that plaintiff had previously sued appellants for the recovery of certain cattle alleged to have been unlawfully taken by appellants (the taking and the same cattle here involved); that the present suit was an attempt on the part of appellee to split his cause of action and subject appellants to another suit arising out of the same alleged wrongful acts; that it was an attempt on the part of appellee to recover from the same defendants possession of property in one suit and to recover damages in another suit; that appellee was precluded from recovery by the Justice Court judgment (which was final and unappealed from) involving the same parties and arising out of the same alleged unlawful acts committed by appellants, and so the prior judgment (Justice Court) was a bar to any further recovery by appellee. There were other and further pleadings by appellants relating to Article 1525c of the Vernon's Ann. Texas Penal Code as to the dipping of stock, and the facts pointing to the acts of appellants alleged to have been done in the premises, as well as to those done by appellee.

The Court sustained a general demurrer to appellants'. plea in abatement, plea in bar, and special answer, and also overruled appellants' general demurrer to appellee's petition. The case was tried to a jury upon special issues in answer to which they found: (a) that appellee was not entitled to $20 for damages to his cattle while in possession of appellants; (b) that he was not entitled to $15 for time lost in attending court; (c) that he was not entitled to $500 as for exemplary damages for the alleged malicious taking possession of the cattle to dip them; (d) and that he was entitled to recover $25 for attorney's fees. The jury having found against him for every thing claimed except the attorney's fees, judgment was rendered in his favor for $25 for such fees. Motion for a new trial was overruled, and the case is before us for review.

At the time the first suit (Justice Court suit) was filed Shelby County, Texas, had been properly designated for tick eradica-

tion and all premises and cattle quarantined. Mr. Murphy was a farmer and cattle owner living some five miles from Center. About August 17, 1937, he was served with an order to dip his cattle. He failed to do so. Thereupon Rogers, Shelby County Supervisor and Inspector for the Livestock Sanitary Commission of Texas, notified Constable Choate of Murphy's failure to comply with the order to dip, and requested Choate to gather up Murphy's cattle and dip them, which he, Choate, did, and retained possession of two of the seven head for the accrued statutory lien charges permitted under Sec. 15, Article 1525c of the Vernon's Ann. Penal Code of the State of Texas. Before the sale of the two head of cattle thus held, Murphy instituted suit in the Justice Court for possession of the two cattle. Judgment in favor of Murphy was had, and they were surrendered to him. No appeal was taken from this judgment. January 13, 1938, the instant suit was filed, and resulted as above stated.

As stated, the jury found against appellee on all of his items of damage, except that for attorney's fees. Judgment was accordingly rendered in favor of appellee and against appellants in the sum of $25 and costs of suit. Costs and expenses of litigation, other than ordinary court costs, are not recoverable in an action for damages, and the court erred in rendering judgment against appellants for attorney's fees. 13 Tex.Jur. 196, Sec. 100 (note 13); McKay v. Wishert, Tex.Civ.App., 152 S.W. 508; Cleveland State Bank v. Lilley, Tex. Civ.App., 260 S.W. 324; Burlington-Rock Island R. Co. v. McCartney, Tex.Civ.App., 54 S.W.2d 837; Mathis v. Wherry, Tex. Civ.App., 45 S.W.2d 700.

The judgment is reversed and here rendered for appellants.