## BERNDT v. TEXAS INDEMNITY INS. CO.
### No. 3683.

Court of Civil Appeals of Texas. Beaumont.
May 23, 1940.

Harper & Abright and Ray Holder, all of Dallas, for appellant.

Webster Atwell and John A. Pace, both of Dallas, for appellee.

WALKER, Chief Justice.

This was an action in district court of Dallas county by appellant, Mrs. Alice Berndt, as guardian of her husband, Fred R. Berndt, a non compos mentis, against appellee, Texas Indemnity Insurance Company, to set aside a compromise settlement of a claim under our Workmen's Compensation Act, Vernon's Ann.Civ.St. art. 8306 et seq., duly approved by the Industrial Accident Board. On trial to a jury, judgment was for appellee on an instructed verdict, from which appellant attempted to prosecute her appeal to the Dallas Court of Civil Appeals. The case is on our docket by order of transfer by the Supreme Court.

The case is before us without a statement of facts or a bill of exceptions. The court had jurisdiction of the parties and of the subject matter of the litigation. On appellant's pleadings, if the evidence failed to raise in her favor the issues plead by her as grounds of relief, it was the duty of the court, on appellee's answer, to instruct the verdict in its favor. Without a statement of facts or a bill of exceptions, we must pre-sume that the court correctly instructed the verdict in favor of appellee, and that judgment was correctly entered on the instructed verdict, that appellant recover nothing against appellee and that appellee go hence without day and recover its costs. Dunaway v. Easter, Tex.Com.App., 129 S.W.2d 286; Murphy v. Carter, Court Civ. Appeals Beaumont, 125 S.W.2d 384; King v. Furay, Tex.Civ.App., 130 S.W.2d 1029; Piner v. State, Tex.Civ.App., 119 S.W.2d 164; Uvalde Const. Co. v. Joiner, Tex.Com.App., 126 S.W.2d 22; 3 T.J., p. 555, sec. 389.

We pretermit a discussion of appellee's motion to dismiss the appeal.

It follows that the judgment of the lower court should be affirmed, and it is accordingly so ordered.

Affirmed.