## SMITH v. COLUMBIAN CARBON CO.
### No. 4355.

Court of Civil Appeals of Texas. Beaumont.
June 6, 1946.

Rehearing Denied Sept. 18, 1946.

Ned G. Wallace, of Conroe, and D. A. Frank, of Dallas, for appellant.

Bryan & Bryan, of Houston, and Pitts & Liles, of Conroe, for appellee.

MURRAY, Justice.

This is an appeal from a judgment of the special ninth district court of Montgomery county, entered on an instructed verdict in favor of the appellee, the defendant in the trial court.

The appellant brought suit against appellee, alleging that after he had located his home near the Conroe oil field, about five miles east of the city of Conroe, the appellee located its plant for the manufacture of carbon black near his home and soon thereafter, and continuously up to the date of the filing of this suit, appellee turned loose vast quantities of smoke, soot, carbon and vile noxious gases, a great quantity of which came upon the appellant's home and premises and that he suffered considerable damages thereby. As pointed out in the brief of the appellant, he did not allege negligence on the part of the appellee but stood upon his allegation that the appellee in the operation of its plant maintained a continuing active nuisance. The appellee answered by a motion to dismiss, by numerous exceptions, special denial and by special pleas that the operation of its carbon black plant does not constitute a nuisance; that its plant had been operated in the most careful, prudent, reasonable and modern method known to science; that such plant and equipment had been operated by men of science, the most skilful it could employ; that such plant had been operated by such men in the most careful, prudent and modern method known to science; that such plant had been operated under the direction of the United States Government during the great war in which the United States was engaged at the times complained of; that its plant was properly located in the midst of the Conroe oil field and that the oil field is the proper and natural place for the location of a carbon black plant and that the appellant by locating his home in the midst of the great Conroe oil field waived his right to complain of annoyances or disturbances which were the result of natural and ordinary industrial operations of an oil field; that if appellant suffered from carbon black precipitation upon his home or property it came from sources in the Conroe oil field other than the appellee's plant; that if any carbon black from its plant did fall on defendant's property it was so slight and insubstantial as to cause no damage to appellant; that at no time has its plant permitted the escape of carbon black precipitation to an excessive degree beyond the permissible limits from the standpoint of public comfort and convenience, as established by the ordinances of the cities of St. Louis and Pittsburg, which cities have long combatted annoyances of smoke and soot from industrial plants; that the production of carbon black is an important and essential function and by-product of the oil business in the state of Texas and is a necessary and essential business and constitutes a natural and reasonable use of its lands and premises in the Conroe oil field. The appellant by a supplemental petition excepted to parts of the defensive allegations of the appellee, alleging that all such defensive matters pleaded constituted no defense of his suit, which exceptions were overruled by the court.

The trial was to a jury and at the conclusion of the testimony the appellee moved for an instructed verdict and included in its motion the following grounds in support thereof: (1) Because the appellant failed to allege and prove the appellee was guilty of any acts of negligence in the location of its plant; (2) because he failed to allege and prove that the appellee was guilty of any acts of negligence in the type of equipment installed in its plant; (3) because the appellant failed to allege and prove that the appellee was guilty of any negligence in the manner of operation of its plant; (4) because the appellant failed to prove that any carbon from appellee's plant proximately caused any damage to him; (5) because the undisputed evidence establishes numerous other sources of carbon black in the same vicinity adjacent to appellant's property and the appellant failed to prove a separation between other sources of carbon and any carbon, if any, from appellee's plant which proximately caused any of appellant's alleged damages; (6) because the undisputed testimony established that appellee's plant was under the direct control of the United States Government in the War Powers Act and appellant as a matter of law was not entitled to bring his suit; (7) because the undisputed evidence established that any carbon, if any, reaching the appellant's property from appellee's plant was of such an insubstantial character and volume as not in law to amount to an actionable case of damages; (8) because the appellant failed to estab-

lish by even a scintilla of evidence any damages whatever for himself, his family or his property; (9) because appellant's testimony failed to prove any damages justifying submission of the case to a jury in that such proof was remote, hypothetical, speculative and conjectural; (10) because the undisputed testimony established as a matter of law and fact no connection between the appellee and the owners and producers of other sources of carbon black adjacent to appellant's property and the appellant's testimony failed to prove the source and volume of any carbon black disturbing and annoying him. The court granted such motion and thereafter entered judgment for the appellee.

The appellant has brought forward on appeal no statement of facts showing what testimony was presented in support of the allegations in his petition.

■ The appellant's point No. 1 is as follows: "In a case of suit for damages resulting from nuisances such as turning loose vast quantities of carbon black which invaded plaintiff's home damaging his lands, house, furniture, paint, clothing, domestic animals and making the home generally uncomfortable, with defendant knowing it would so damage plaintiff's land and personalty, no allegation of negligence is necessary." Appellant's point No. 2 is as follows: "When an active nuisance is proven, it is unnecessary to prove negligence." The appellant discusses point No. 1 very fully but under his statement and authorities under point No. 2 he simply says: "Please see statement and authorities under Point No. 1." Both points therefore will be considered together. It is readily seen that to pass upon the correct application of these points to the appellant's case on review by an appellate court an examination of the facts presented on the trial is indispensable. Appellant in his motion for new trial did not assign as error the action of the trial court in instructing a verdict against him. Even if we assume from the general tenor of the language used in points 1 and 2 that the points are directed at the action of the trial court in granting a motion for an instructed verdict for the appellee, such points do not bring to our attention any error on the part of the trial court in giving such instructed verdict. In the absence of a statement of facts showing what proof was made in behalf of plaintiff on the trial, it can not be said that the evidence did not justify the action of the court in giving a peremptory instruction to find for the appellee. It must be presumed that the court's action was warranted by the evidence or the lack of evidence. Berndt v. Texas Indemnity Ins. Co., Tex.Civ.App., 141 S.W.2d 726; Dunaway v. Easter, 133 Tex. 309, 129 S.W.2d 286; Murphy v. Carter, Tex.Civ.App., 125 S.W.2d 384; King v. Furay, Tex.Civ.App., 130 S.W.2d 1029; Uvalde Construction Co. v. Joiner, 132 Tex. 593, 126 S.W.2d 22; 3 Tex.Jur. 541; Valdez et al. v. Rodriguez, Tex.Civ.App., 173 S.W.d 514.

■ The appellant's third point makes the following statement: "When a defendant has settled with third parties for damages resulting from the identical actions complained of, such settlement may be proven as an admission of liability." By point 4 the appellant says that the evidence of the settlement by the appellee with other parties of claims for damages done by appellee in exactly the same manner as complained by the appellant was admissible as an admission of liability. The points will be considered together. According to the record, the Humble Oil & Refining Company had an oil field camp near the carbon black plant of the appellee, situated one-fourth mile closer to the carbon black plant than the appellant's home, and many of its employees made complaints to Mr. J. L. Pitts, as attorney for the appellee company, about carbon black from appellee's plant causing them trouble and inconvenience in their homes; in August, 1944, Mr. Pitts wrote a form letter to 52 of such employees asking them to advise him by letter the amount of damages they had sustained from soot damage; later Mr. Pitts had an investigation made of claims for soot damage and again wrote Humble Company's employees that if they would accept certain specified amounts in settlement that the Columbian Carbon Company would immediately pay such amounts to them upon their execution of releases; the Columbian Carbon Company, appellee, paid by checks certain

amounts of money to each of the 52 employees of the Humble Oil & Refining Company and thereafter it paid $38,000 to the Humble itself. Appellant cites the cases of Morton Salt Co. v. Keele, Tex.Civ. App., 293 S.W. 224; Magnolia Petroleum Co. v. Reed, Tex.Civ.App., 42 S.W.2d 274; San Angelo Water, Light & Power Co. v. Baugh, Tex.Civ.App., 270 S.W. 1101; St. Louis, S. F. & T. Ry. Co. v. Thomas, Tex.Civ.App., 167 S.W. 784. The testimony in regard to the transactions with the Humble Oil & Refining Company and its employees was tendered to the court in the absence of the jury and the court excluded such testimony upon the objection of the appellee. The appellee answers the contention of the appellant that such action was error by numerous citations and quotations of authority to the effect that testimony in regard to offers of compromise are not admissible in evidence. It relies upon 17 Tex.Jur. 561 and the cases of Merchants' Cotton Oil Co. v. Acme Gin Co., Tex.Civ.App., 284 S.W. 680; Mathis v. Wherry, Tex.Civ.App., 45 S.W.2d 700; Gulf C. & S. F. Ry. Co. v. Hitt, et al., Tex.CivApp., 60 S.W.2d 864; Magnolia Petroleum Co. v. Owen, Tex.Civ.App., 101 S.W.2d 354; Bedner v. Federal Underwriters Exchange, Tex.Civ.App., 133 S.W. 2d 214; Provident Life & Accident Ins. Co. v. Flowers, Tex.Civ.App., 91 S.W.2d 847. All of the cases cited by the appellee are authority for the rule that offers in compromise are not admissible in evidence. We think the testimony tendered by the appellant, however, was of a nature which went beyond the mere offer of a compromise and showed that payments and settlements had been made. According to the authorities relied upon by the appellant, cited above, a distinction is made as to settlement of claims similar to the one in suit and offers in compromise. We believe therefore that the testimony excluded by the court was admissible, or at least would have been admissible if the appellant, plaintiff in the trial court, had introduced evidence on the trial of the case tending to show that he had suffered damages and that such damage was proximately caused by some act of the appellee in

the same manner as was suffered by the Humble Company employees. Because no showing of appellant's testimony is before us in this case, it can not be said that appellant has been harmed by the exclusion of this testimony. This excluded testimony alone was not sufficient testimony to have required the court to submit appellant's case to the jury. So far as we are able to determine in the absence of a statement of facts, the appellant did not establish any harm or injury to himself or his property proximately caused by any act of the appellee. In the absence of such proof it can not be said that reversible error is shown by this action of the trial court.

The appellant's fifth point contends that the trial court erred in overruling his exceptions to "all of the allegations by the defendant of no negligence." The appellee's defensive pleadings are briefly summarized in the opening statement of this opinion. The several exceptions leveled at such pleadings alleged in varied language that such defensive allegations presented no defense. We believe that under Rules 45 and 84, Texas Rules of Civil Procedure, the court did not err in refusing to strike such pleadings. The case of King v. Columbian Carbon Co., relied upon by appellant, by the United States Circuit Court of Appeals, 5 Cir., 152 F.2d 636, contains a discussion of rules of law applicable to the main controversy. It contains a discussion of Turner v. Big Lake Oil Co., Tex.Civ.App., 96 S.W.2d 221, by the Supreme Court of Texas. These cases in our opinion do not present a lack of harmony in regard to liability for injury caused one person by another in the use and operation of industrial plants. In the King case is contained the expression to the effect that the law requires payment for unwarranted, unreasonable and substantial damage done to the property of another which is caused by the construction and operation, however skilful, of an industrial plant in a locality undevoted and unadapted thereto, and that what is a reasonable use or whether a particular use is a nuisance can not be determined by any fixed general rule but depends upon facts of each particular case, such as location, character of the neighbor-

hood, the nature of the use, accident and frequency of injury and the effect on the enjoyment of life, health and property of the alleged injured person. The defensive matters pleaded by the appellee, at which appellant's exceptions were directed, pertained to whether any damage suffered by appellant at the hands of appellee was unwarranted, or unreasonable, and to whether appellee's use of its plant was a reasonable use of it, and whether such use of it constituted a nuisance. We do not believe that any error is shown in the action of the court in overruling exceptions to such defensive pleadings.

By his 6th point, the appellant complains of the court's action in overruling his special exception to that part of the appellee's answer which alleged the contents of the city ordinances of St. Louis and Pittsburg in regard to smoke and soot control. He says that such matters were immaterial, incompetent and irrelevant and not binding upon him. While we have some doubt as to the competency and materiality of the pleadings excepted to, we do not believe that any harm to appellant is shown by the court's action, in view of the fact that the court instructed a verdict in favor of appellee, defendant in the trial court, and no statement of facts (as to appellant's testimony) is before us. The pleadings complained of were purely defensive in their nature, and we are unable to see how a contrary ruling by the court would have affected the judgment rendered, in view of our holding above that no error is shown in the action of the trial court in instructing a verdict in the case. Rule 434, Texas Rules of Civil Procedure.

By his 7th and 8th points, the appellant complains of the action of the trial court in not permitting him to dismiss his suit by taking a nonsuit. According to the only bills of exception signed by the judge of the trial court relating to the appellant's effort to take a nonsuit, the court heard argument upon the motion for an instructed verdict and thereupon announced that he would take it under advisement and would announce his decision next morning at 9 o'clock; the following morning, prior to the convening of court, one of counsel for appellant inquired of the court whether he had made up his mind upon the motion, and the court advised him that he had and the counsel asked what decision had been reached. The court advised counsel that he would not announce his decision until attorneys for both sides were present. When counsel for the appellee entered the court room the judge was on the bench and jury was in the jury box. The court was in session and open. The judge then retired to his chambers adjoining the court room and all of counsel for both parties accompanied him thereto. He then stated that he believed the motion for an instructed verdict should be granted and that he was granting it. Counsel for the successful movant, appellee, retired from the court room to write the order as requested by the court. When these documents were prepared and returned to the judge they were signed by him and filed with the clerk of the court. The judge thereupon returned to the bench for the purpose of reading his charge to the jury. Counsel for the appellant then inquired as to whether or not the court had prepared his charge and when told that he had, counsel for the appellant then for the first time informed the court that the plaintiff desired to take a nonsuit. The court refused to entertain the motion and did not permit the appellant to take nonsuit. We think this question has been settled adversely to the contention of the appellant. When the case is tried before a jury and a motion is made for instructed verdict, the rule governing nonsuit is the same as that which applies when the case is tried before a court without a jury. Rule 164, Texas Rules of Civil Procedure, provides that when a case is tried by a judge a nonsuit may be taken at any time before the decision is announced. See Jacobs v. Gasow Howard Motor Co., Tex.Civ.App., 55 S.W.2d 641, citing Texas Electric Ry. Co. v. Cox, Tex.Com.App., 49 S.W.2d 725, 89 A.L.R. 11; Texarkana Bus Co. v. Moton, Tex.Civ.App., 147 S.W.2d 517. In the instant case, when the trial judge announced to counsel in his chambers that he had decided to grant the motion for an

instructed verdict, his decision had been announced and it was then too late to permit a nonsuit to be taken and the court was not in error in his action.

No reversible error being presented, the judgment of the trial court is affirmed.